FREDERICK, Respondent, vs. GREAT NORTHERN RAILWAY COMPANY, Appellant.

*October 16, 1931—March 8, 1932.*

236

238

For the appellant there were briefs by *Murphy, Hughes & Anderson* of Superior, attorneys, and *A. L. Janes* of St. Paul, Minn., of counsel, and oral argument by *C. J. Hughes*.

For the respondent there were briefs by *Crawford & Crawford* of Superior, and oral argument by *Wm. P. Crawford*.

The following opinion was filed January 12, 1932:

NELSON, J. The defendant contends that the court should have directed a verdict in its favor because the evidence was insufficient reasonably to permit of the inference that the fire which destroyed the plaintiff's property was communicated directly or indirectly by defendant's locomotive. Since the enactment of sec. 192.44 of the Statutes, all that is necessary to create liability on the part of a railroad company in cases similar to this, is to prove that property has been injured or destroyed by fire communicated directly or indirectly by a locomotive in use upon its railroad. Sec. 192.44 (2) specifically provides:

"To recover such damages, it shall only be necessary for the owner to prove the loss of or injury to his property, and that the fire originated in the manner hereinbefore stated."

A railroad corporation is expressly authorized by said statute to procure insurance in its own behalf for its protection against such liability. The effect of the enactment of this statute was to abrogate the established law relating to recovery of damages from railroads for the negligent setting of fires by locomotives. Prior to the enactment of the present statute, in order to make out a case it was necessary to prove negligence, or such circumstances as would give rise to a presumption of negligence requiring the defendant railroad company to proceed with the proof and show that it was free from negligence which caused the fire. *Suts v. Chicago & N. W. R. Co.* 203 Wis. 532, 234 N. W. 715.

The evidence in support of plaintiff's claim that a live spark or cinder from defendant's locomotive was carried by a strong wind to plaintiff's haystack where it ignited the hay and caused plaintiff's buildings to burn, is wholly circumstantial, but it is not so improbable or speculative as to permit this court to say that there was no evidence which would permit the jury reasonably to infer that the fire so originated. Having carefully read the evidence upon which the jury based its verdict, we cannot say that it does not support the verdict as to the origin of the fire. The verdict of the jury therefore may not be disturbed as to the cause of the fire.

Defendant's next contention is that the plaintiff cannot recover for the loss sustained because he agreed to assume all risk of loss, damage, or destruction of his property. The law is well settled that a railroad company may, by contract, exempt itself from liability for injuries by fires to buildings upon its right of way and also upon lands not on its right of way, where some privilege or concession is granted by such company which it would not otherwise be bound to extend. Contracts similar to the one here are held to be valid, not against public policy, and to exempt railroads from liability for destruction of property by fire communi-

cated from the railroad. See exhaustive note to *McKinney v. Mobile & Ohio R. Co.* 215 Ala. 101, 109 South. 752, 48 A. L. R. 998. The note commences on page 1003 and digests numerous decisions, all of which substantially support the rule above stated. In view of the unanimity of the courts on this question in holding such contracts valid, we feel bound to hold that the lease-contract herein was valid and exempted the defendant from liability to such an extent as the plain provisions of the lease, strictly construed as against the lessor, will reasonably permit. Referring to the provisions of the lease set forth in the statement of facts and to that part of it which is relevant to the particular question now being discussed, we find that the lessee (the plaintiff herein) agreed to "assume all risk . . . damage to or loss or destruction of property brought by the lessee, or other persons at his instance, or with his consent or knowledge, upon or in proximity to said premises; . . . and the lessee shall and hereby does indemnify and save harmless the lessor of and from any and all claims, demands, suits, actions, recoveries, judgments, costs, or expenses on account of any such injury, death, damage, loss, destruction, or killing." The only language of the lease which requires interpretation is the following: "Property brought by the lessee, or other persons at his instance, or with his consent or knowledge, upon or in proximity to said premises." At the time the lease was entered into all of the buildings destroyed by the fire were in existence. The plaintiff at that time owned a herd of cows which was kept upon his premises. He also owned household furniture and no doubt other personal property. The word "brought," as used in the lease, seems not to have received judicial construction. In any event we have been unable to find any case in which that word, as used in the lease herein, has been judicially defined. So we feel impelled to look to its ordinary meaning. Webster's New International Dictionary defines "brought" as the past tense of "bring." "Bring"

is defined as follows: "1. To convey to the place where the speaker is or is to be. To bear from a more distant to a nearer place. To make to come, procure, produce, draw to. To convey, carry or conduct, move." Giving the language of the lease its plain ordinary meaning, we conclude that the lease exempted the defendant from liability only as to property brought upon the premises leased or in proximity thereto after the lease was entered into. Although the jury found that no property of the plaintiff was brought upon the premises after the date of the lease, such finding is clearly and unmistakably contrary to the undisputed evidence. The hay and about twenty-four of the cows, according to the undisputed evidence, were brought upon the premises or in proximity thereto after the lease was entered into. Possibly other property was brought upon the premises within the meaning of said clause as heretofore defined.

Defendant further contends that the plaintiff, being a joint owner of the premises with his wife (she not having joined in the action), cannot recover damages in excess of one-half of the value of the buildings in which the wife had an equal joint interest. In other words, that the defendant's recovery must be limited to the value of his actual interest held in joint tenancy. Upon the trial, after there had been introduced in evidence a certified copy of the deed which conveyed the two lots in question to the plaintiff and his wife in joint tenancy, the plaintiff's attorneys moved to make the wife a party plaintiff. The plaintiff's motion, however, was not granted and the trial proceeded to judgment in favor of the plaintiff alone for the full amount of the damages found by the jury, less the amount of $3,000 insurance received by the plaintiff. Defendant contends that this was error.

It appears that at no time during the trial did the defendant object to the plaintiff's bringing or conducting the action alone. Even after it was informed of the real situation regarding the ownership of the real estate, it took no

steps to amend its answer so as to raise that question. It is clear under our laws that when a defect of parties appears upon the face of the complaint objection thereto may be taken by demurrer. Sec. 263.06, Stats., provides that the defendant may demur to the complaint when it shall appear upon the face thereof "(4) that there is a defect of parties plaintiff. . . ." It is equally clear that when a defect of parties plaintiff exists which does not appear upon the face of the complaint objection may be taken by answer. Sec. 263.11, Stats., provides that "when any of the matters enumerated in section 263.06 do not appear upon the face of the complaint the objection may be taken by answer." The defendant clearly had the right to amend its answer and object to the non-joinder of the plaintiff's wife upon discovering the real situation as to the ownership of the real estate involved in this action. Not having amended its answer so as to raise that objection the defendant must be deemed to have waived the same. Sec. 263.12, Stats., provides: "If no objection be taken, either by demurrer or answer, the defendant shall be deemed to have waived the same. . . ."

The leading case in this country which holds that, where no objection is made by the pleadings to a defect of parties plaintiff, one or more of several joint tenants may sue alone in a tort action to recover the damages sustained by all the joint tenants, and that in such an action the interest of the party not joined may not be proved in diminution of damages, is *Zabriskie v. Smith,* 13 N. Y. 322. In that case it was said (p. 337):

"In the case of tenants in common, the rule allowing the interest of the party not joined to be proved in diminution of damages is put upon the ground that he may still sue for the value of his share, as was done in *Sedgworth v. Overend,* 7 Term Rep. 279. But joint tenants are not owners of separate shares. Each joint tenant has title to the entirety. Co. Litt. 186 a; 2 Bl. Comm. 182. I am therefore of opinion that where the defendant permits one or

more of several joint tenants to sue alone in an action of tort, by not pleading the joint tenancy in abatement, the recovery should be for the damages sustained by all the joint tenants."

To the same effect is *Wells v. Cone,* 55 Barb. (N. Y.) 585. It was there said (p. 589):

"The defendant may demur when it appears on the face of the complaint that there is a defect of parties. (Code, § 144.) When it does not appear upon the face of the complaint, the objection may be taken by answer. (Id. § 147.) And if the objection be not taken by demurrer or answer, the defendant shall be deemed to have waived the same. (Id. § 148.) And where, in an action for a tortious injury to personal estate owned by joint tenants, one of the joint owners is not a party plaintiff, and the defendant omits to avail himself of the non-joinder, in pleading, he will not be allowed on the trial to prove the interest of the owner not joined in diminution of the amount to be recovered."

Since this action must be reversed for other reasons and a retrial of certain issues had, it would be proper to make plaintiff's wife a party to the action, so that there may arise no question as to the discharge of the judgment which may be entered herein, if and when paid.

While the court holds that the defendant waived its right to object to the non-joinder of plaintiff's wife, a joint tenant, as a party plaintiff, by failing to demur or answer, we have encountered a much more serious question in the failure of both parties to make the insurance company a party to the action. It appears that the property destroyed, both personal and real, was insured for $3,000; that after the fire the full amount of $3,000 was paid to the plaintiff by the insurance company. The jury found the value of the personal and real property destroyed to be $8,600. In this situation the court, without making the insurance company a party, deducted from the amount of the damage found by the jury the amount of the insurance received by the plaintiff, and entered judgment in his favor for the re-

mainder, amounting to $5,600 and costs. This action of the court leaves undetermined that part of the cause of action which was assigned to the insurance company under the law relating to subrogation.

The question arises as to whether the omission to join the insurance company as a party to the action constitutes such a defect of parties as is waived by failure to object by demurrer or answer, or whether the presence of the insurance company is indispensable to a complete determination of the controversy.

Identical questions arose in *Patitucci v. Gerhardt,* decided this day (206 Wis. 358, 240 N. W. 385). In that case it is held that where, in the course of the trial, it comes to the attention of the court that an insurer has an interest in the cause of action, it is the duty of the court, upon its own motion, to stay proceedings and order the insurance company to be made a party. Nothing need be added to the discussion of Mr. Justice WICKHEM, speaking for the court, in that case.

Under the law, an insurance company becomes subrogated *pro tanto* to the rights of the insured as against a tort-feasor upon payment to the insured under its policy. While the insurance company herein, after it paid to the plaintiff the sum of $3,000, stood thereafter in the plaintiff's shoes, it cannot recover as assignee by operation of law where the plaintiff himself could not recover. Since it is held that the plaintiff cannot recover for the personal property brought by him upon the premises leased or in proximity thereto, after the lease was entered into, it must be held that the insurance company cannot recover more than the plaintiff could recover under the circumstances if there had been no insurance. The insurance company is not entitled to recover from the defendant the full amount paid by it to the plaintiff on his personal property loss unless the value of all of the personal property, to be determined by the jury, shall exceed the value of the personal property brought upon the

premises, etc., in an amount equal to the amount paid by the insurance company. In other words, if the value of the personal property destroyed should be $3,000, and if the value of the personal property brought upon the premises leased or in proximity thereto should be found to be $2,500, then the insurance company can recover from the defendant only $500 on account of the destruction of the personal property, since that amount would, in the case assumed, be the limit of defendant's liability to the plaintiff, arising from the destruction of his personal property.

Since it is held that the insurance company is a necessary party to the full determination of this controversy, and since it cannot be determined from the verdict of the jury heretofore rendered what part of the $8,600 damages may be properly allocated to the personal property, this action must be reversed for a new trial so that the insurance company can be made a party to this action and so that the following issues may be determined: (1) the total value of the personal property destroyed by the fire; (2) the total value of all property brought upon the premises or in proximity thereto after the date of the lease, to the end that a proper judgment fully determining this controversy may be entered.

*By the Court.*—Judgment reversed, and cause remanded with directions to grant a new trial, after making the insurance company a party to this action, on the following issues only: (1) the total value of the personal property destroyed by the fire, and (2) the value of all personal property brought upon the premises or in proximity thereto after the date of the lease.

The following opinion was filed March 8, 1932:

NELSON, J. (*on motion for rehearing*). The appellant insists that this court failed to consider its contention that the trial court erred in granting judgment for the full value

of all property destroyed, because part of the property destroyed was trespassing upon defendant's land. The particular property to which this assignment of error relates was the garage and the automobile located therein. From the record it does not clearly appear whether the garage was wholly located on lot 19 or only partially encroached thereon. The plaintiff cannot recover for the value of the garage if it was wholly located upon lot 19. If it only partially encroached upon lot 19, the plaintiff cannot recover for that part of the garage which trespassed thereon. The same is true of the automobile.

A person owes no duty to a trespasser except that of refraining from wilful and intentional injury or refraining from active negligence. *Klix v. Nieman,* 68 Wis. 271, 32 N. W. 223; *Schug v. Chicago, M. & St. P. R. Co.* 102 Wis. 515, 78 N. W. 1090; *Bonniwell v. Milwaukee L., H. & T. Co.* 174 Wis. 1, 182 N. W. 468; *Zartner v. George,* 156 Wis. 131, 145 N. W. 971. See *Kesterson v. California-Oregon Power Co.* 114 Oreg. 22, 228 Pac. 1092.

On the trial of the issues remanded for a new trial the further questions should be determined by the jury: (1) Whether the garage and automobile were trespassing upon the defendant's lands and to what extent. (2) The value of the trespassing whole or part.

As to plaintiff's several motions for rehearing, we are of the opinion that they are without merit except the motion that the judgment should include interest on the amount to which the plaintiff shall be found entitled. We are of the opinion that the interest from the date of plaintiff's demand, if demand was made, or, if no demand was made, from the date of the commencement of the action, should be computed and included in the amount of the judgment.

The mandate heretofore entered is modified so as to read as follows:

"Judgment reversed, and cause remanded with directions to grant a new trial, after making the insurance company a

party to this action, on the following issues only: (1) the total amount of the personal property destroyed by the fire; (2) the value of all personal property brought upon the premises or in proximity thereto after the date of the lease; (3) whether the plaintiff's garage and automobile were trespassing upon defendant's lands, and, if so, (4) the value of the whole or trespassing parts thereof."