STATE, Respondent, vs. DOHN, Appellant.

*October 12—November 6, 1934.*

For the appellant there was a brief by *Kersten & McKinnon,* and oral argument by *C. J. Kersten* and *Charles F. Higgins,* all of Milwaukee.

For the respondent there was a brief by the *Attorney General, William A. Zabel,* district attorney of Milwaukee county, and *William J. McCauley,* assistant district attorney, and oral argument by *Mr. McCauley* and *Mr. W. H. Resh,* assistant attorney general.

FOWLER, J.    The information charges the defendant with the offense of larceny as bailee of "baby bonds" belonging to Clarence P. Schwister of the value of $1,050.    The defendant was convicted and sentenced to imprisonment in the Milwaukee county house of correction, and appeals from the judgment.    His claim is that the evidence does not support the conviction because it appears therefrom that he was not a bailee of the bonds for the owner, but received them under circumstances that created the relation of debtor and creditor; and claims further that if he was a bailee the evidence does not show a conversion of the bonds by him, but a disposition such as the owner agreed might be made of them. The state claims that the bonds were delivered to the defendant to present at the city treasurer's office for payment and turn over the money received to Schwister.

It is without dispute that the defendant received bonds from Schwister of the face value of $1,050, and that he disposed of them without turning over the proceeds to Schwister.    The case will be properly disposed of by deter-

mining whether the evidence supports the conclusion that the defendant was in fact a bailee, and if so whether he disposed of the bonds in a manner authorized by the owner.

The owner is a merchant and occasionally took in baby bonds in payment of merchandise. The bonds were in denomination of $10, and were issued by the city of Milwaukee to meet current expenses. They had interest coupons attached and were payable in 1937 or at the option of the city at any interest date, and were receivable in redemption of tax certificates. They had a market value less than face. The defendant had previously received several bonds from Schwister and in a few days returned with their face value. Occasionally, pursuant to the option stated, the city would at interest-paying times cash a specified amount of the bonds before they were due. When sixty-three of the one hundred and five bonds were received by the defendant on February 1, 1934, he represented that the city would redeem some bonds in two or three days and he might be able to present them and get the cash. Forty-two of the bonds which had been received upon like representation and receipted for by the defendant shortly before this were included in a new receipt given for the one hundred and five on February 1st. Schwister understood the defendant had connections with the city hall whereby he could get bonds redeemed for cash at times when the city was redeeming them. The defendant received from Schwister merchandise to the amount of three per cent of the bonds delivered to him. When the defendant did not return with the cash for the bonds within a few days Schwister began inquiring for him and learned that he had absconded. A warrant was then procured for the defendant's arrest on the instant charge, and he was extradited and brought back to answer the charge. The defendant after his return told Schwister that he had sold the bonds and invested the money in liquor and punch-boards. He also told the

officer who arrested him that he had "used the money in punch boards and other business," the net profit of which was such that he could afford to pay the difference between the face and market price of the bonds.

The court was warranted in finding the facts as above stated. It is true that statements were made by Schwister which by themselves, without subsequent explanation by him, would indicate that Schwister knew the defendant was selling the bonds and using the money in business of his own. But it appears from his testimony later that the time to which he was referring as knowing this was when he was prosecuting his inquiries after the defendant had absconded. There is no evidence in the case that the defendant was ever authorized to sell the bonds and use the proceeds in business of his own, or that Schwister knew that he was so handling the bonds. We are of opinion that the court was warranted upon the whole evidence, in believing that the bonds were taken by the defendant to redeem them at the city treasurer's office. The defendant had been for over three years, and was up to about February 1st when he was out on sick leave, a trusted employee in the city hall, and while such had had dealings with the city treasurer's office, and it is quite likely that he did represent, and that Schwister believed, that through this connection he might be able to get preknowledge of the dates of redemption and be able to present bonds for redemption in such order that they would be redeemed by the city on days when it was redeeming. If this was the situation under which the defendant received the bonds, the defendant was a bailee of the bonds and he converted them to his own use.

The defendant's counsel seem to contend that to constitute a bailment property must be received to be returned in specie to the owner. This is not necessary. Receiving goods to sell constitutes a bailment by which the bailee is obligated to

pay over to the bailor either the proceeds of the sale or the goods. 6 C. J. p. 1091, § 7. In such case, if the goods were sold and the proceeds converted to the use of the bailee, the money rather than the goods would doubtless be the subject of the larceny. But the court was justified in finding that the bonds here involved were not delivered for sale, but for redemption through the city treasurer's office. This constituted a bailment for the same reason that a delivery for purpose of sale constitutes one. The defendant did not fulfil the purpose of the bailment but sold the bonds. This was a conversion of the bonds themselves and constituted larceny as bailee of the bonds.

*By the Court.*—The judgment of the municipal court is affirmed.