36742.   GREAT AMERICAN INDEMNITY COMPANY *v.*
ASHBAUGH.

DECIDED JUNE 18, 1957—REHEARING DENIED JULY 2, 1957.

*T. J. Long, Ben Weinberg, Jr.,* for plaintiff in error.

*Rex T. Reeves,* contra.

NICHOLS, J. 1. The defendant contends that construing the allegations of the petition most strongly against the plaintiff, as must be done on general demurrer, it fails to set forth a cause of action.

One of the defendant's contentions is that since the indictment attached to the petition as an exhibit shows a bailment of the automobile and since the policy expressly excludes coverage if the automobile is subject to a "bailment lease" that there is no liability on the policy. No Georgia case has been found expressly construing the term "bailment lease", but it appears to have only one meaning which is: "An approved and legal method by which one, desiring to purchase an article of personal property,

but unable to pay for it at the time, may secure possession of it, with the right to use and enjoy it as long as he pays the stipulated 'rental,' and the further right to become the absolute owner, on completing the installment payments called for in the lease, by payment of an additional sum, which may be nominal in amount." 8 C. J. S. 220, § 111. The plaintiff's automobile was not, according to the allegations of the petition, subject to a "bailment lease," therefore, this contention of the defendant is without merit.

The defendant also contends that since the indictment attached to the petition as an exhibit shows that Carl Gaddis was charged with, and pleaded guilty to larceny after trust, the policy does not cover the plaintiff's loss inasmuch as no coverage was offered the plaintiff for larceny after trust. In *American Fire & Cas. Co.* v. *Barfield*, 81 *Ga. App.* 887, 892 (60 S. E. 2d 383), it was said: "The word 'theft' in the insurance policy is sufficiently broad to cover both simple larceny and larceny after trust, and the fact that the offense committed by . . . [Gaddis] might be larceny after trust rather than simple larceny would have no bearing upon the liability of the defendant."

Therefore, the contention that the petition fails to set forth a cause of action because it shows that the theft committed may have been larceny after trust rather than larceny is without merit, and the contention that the loss, if by larceny after trust, is not a direct and accidental loss is without merit. Accordingly, it was not error to overrule the general demurrer.

2. The remaining grounds of the defendant's demurrers attack the allegations of the petition which deal with the criminal charge brought against Gaddis and his plea of guilty thereto. After careful consideration, it does not appear that the trial court erred in overruling these grounds of demurrer.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*