HEINEN, Respondent, v. HOME MUTUAL CASUALTY COMPANY, Appellant.

*October 7—November 5, 1958.*

286

For the appellant there was a brief by *Lehner, Lehner & Behling, Adolph P. Lehner, Howard N. Lehner,* and *Eugene E. Behling,* all of Oconto Falls, attorneys, and *Edward J. Byrne* of Appleton of counsel, and oral argument by *Adolph P. Lehner.*

For the respondent there was a brief by *Cornelisen, Denissen, Farrell & Kranzush,* and oral argument by *R. J. Farrell* and by *C. E. Kuehn,* all of Green Bay.

CURRIE, J. The two questions presented on this appeal are: (1) Whether there was a "theft" of the trailer within the meaning of the policy issued by the defendant; and (2) whether the amount of plaintiff's recovery in any event should be reduced by one half because Mrs. Heinen was a co-owner of the trailer.

The material wording of the house-trailer indorsement issued by the defendant to the already existing policy of automobile insurance is as follows:

"This insurance is against only such and so many of the risks named below as are specified by premium deposits in writing set opposite thereto.
"(6)    Theft:    (Specified Amount)
    "Insured    $3,500.00
    "Premium $      3.50."

In interpreting the meaning of the word "theft" in the policy the first question which arises is whether the law of Wisconsin, where the contract of insurance was made, or the law of Florida, where the alleged theft occurred, controls. We deem that it is the law of Wisconsin which governs under the following principle set forth in Restatement, Conflict of Laws, p. 425, sec. 346:

"Except as stated in sec. 358, the law of the place of contracting determines what are the obligations of a sealed instrument, a mercantile instrument, or any other contract."

The exception referred to above has to do with questions of performance and not interpretation of the obligations imposed by the contract. Restatement, Conflict of Laws, p. 437, sec. 358, comment a.

12 Appleman, Insurance Law and Practice, p. 120, sec. 7079, states that a majority of courts have adhered to the doctrine that the place of making the insurance contract determines what law shall govern the construction of the policy.

We consider that theft and larceny are coextensive in meaning. Our general larceny statute, in effect at the time of the issuance of the policy indorsement covering the trailer, is sec. 343.17, Wis. Stats. 1951. We quote the following sentence from such statute which we deem controls the instant case:

"Whoever being a bailee of any chattel, money, or valuable security shall fraudulently take or fraudulently convert the same to his own use or the use of any person other than the owner thereof, although he shall not break bulk or otherwise determine the bailment, shall be guilty of larceny, and may be convicted thereof on an indictment or information for larceny, and upon such conviction be punished as hereinbefore prescribed."

The appellant Insurance Company grounds its position, that no theft of the trailer occurred, upon the fact that possession of the trailer was lawfully turned over to Hooker by the Heinens for the purpose of sale and Hooker did sell the trailer to Dinwiddie. Therefore, it is contended that, while Hooker may have been guilty of embezzling the proceeds, he was not guilty of larceny. A number of cases are cited in appellant's brief to the effect that an initial trespass on the part of the wrongdoer is an essential element of the crime of larceny. However, such cases were concerned with the common-law concept of larceny and not the statutory offense of larceny by a bailee embraced within the provisions of sec. 343.17, Stats. 1951. 2 Anderson's, Wharton, Criminal Law and Procedure (1957 ed.), p. 179, sec. 505, lists but seven states, including Wisconsin, which have enacted statutes making larceny by a bailee a crime where such statutes have come before the courts.

It is also interesting to note that the United States supreme court in the recent case of *United States v. Turley* (1957), 352 U. S. 407, 77 Sup. Ct. 397, 1 L. Ed. (2d) 430, construed the word *"stolen"* appearing in the National Motor

Vehicle Theft Act, 18 USCA, sec. 2312, commonly known as the Dyer Act, includes embezzlement of motor vehicles or aircraft and is not limited to a taking which amounts to common-law larceny.

When the Heinens turned the trailer over to Hooker to sell, a bailment was created. *State v. Dohn* (1934), 216 Wis. 367, 370, 371, 257 N. W. 21. In the latter case some bonds issued by the city of Milwaukee were turned over by the owner to a bailee to have the city redeem them and pay the proceeds over to the owner. Instead of presenting the bonds to the city for redemption, the bailee sold them and absconded with the proceeds. This court affirmed the conviction of the wrongdoer on a charge of larceny by a bailee, on the ground that he only had authority to redeem and not to sell the bonds. However, in the opinion, the court stated (p. 370) :

"Receiving goods to sell constitutes a bailment by which the bailee is obligated to pay over to the bailor either the proceeds of the sale or the goods. 6 C. J. p. 1091, sec. 7. In such case, if the goods were sold and the proceeds converted to the use of the bailee, the money rather than the goods would doubtless be the subject of the larceny."

We freely acknowledge that the above-quoted extract from the court's opinion in the *Dohn Case* makes the instant case an extremely close one on the issue of whether Hooker was guilty of larceny as a bailee, or only of embezzling the proceeds of sale. It is clear that defendant's policy did not insure against an embezzlement of the proceeds of sale. We deem the determining factor to be whether he exceeded the terms of the bailment in making the sale to Dinwiddie so that the sale itself constituted a conversion of the trailer to his own use. If such fraudulent conversion of the trailer occurred, then there was larceny by a bailee. It is our considered opinion that the learned trial court was right in finding that such a fraudulent conversion occurred.

A bailee with power of sale may be guilty of conversion if he sells in a manner contrary to the owner's instructions. We quote from 1 Harper and James, Law of Torts, p. 144, sec. 2.17, as follows:

"Thus, a bailee who is also an agent for the bailor with respect to the chattel which is the subject of the bailment commits a conversion if he disposes of the chattel by sale or otherwise in such a way as to exceed his authority with respect thereto."

On this point, see also 53 Am. Jur., Trover and Conversion, p. 836, sec. 39.

We hold it to be an implicit condition of the bailment that Hooker was to sell the trailer as one belonging to the Heinens, and not as one of which he was the owner. The deposit of the certificate of title in escrow with the bank makes this crystal clear. If this condition had been complied with, any prospective purchaser would have had to be provided with a certificate of title from the Heinens, and the deposit of the Wisconsin certificate of title with the bank in escrow would have protected the Heinens. However, Hooker violated such condition by representing to the purchaser Dinwiddie that the trailer was a new trailer owned by Hooker. Thus the sale in its inception was fraudulent on the part of Hooker and clearly establishes an intent by him to convert the trailer to his own use. It is readily distinguishable from a situation where a bailee, without violating the terms of a bailment, sells the bailed article and then embezzles the proceeds. This is because in the latter case there is no conversion of the original property which was the subject of the bailment.

The policy contains an exclusion clause which provides that "this policy shall not apply . . . to loss due to conversion, embezzlement, or secretion by any person in lawful possession of the automobile under a bailment lease, conditional sale, mortgage, or other incumbrance." While there

was a bailment of the trailer by the Heinens to Hooker, this was not a *"bailment lease."* "Bailment lease" is a term of art and has reference to a method of secured financing employed in the sale of such articles as motor vehicles and appliances. We quote the following definition of "bailment lease" set forth in *Valicente v. Central Motors* (1934), 115 Pa. Super. 74, 81, 174 Atl. 799, 802:

"A bailment lease has long been a legal method in force in this commonwealth, by which one desiring to purchase an article of personal property, but unable to pay for it at the time, may secure possession of it, with the right to use and enjoy it as long as he pays the stipulated 'rental,' and the further right to become the absolute owner, on completing the instalment payments called for in the lease, by payment of an additional sum which may be nominal in amount."

See also *In re Robinson* (D. C. Pa. 1941), 40 Fed. Supp. 320, 323, and 5 Words and Phrases (perm. ed.), p. 73, "Bailment Lease." Significantly, counsel for the defendant Insurance Company have not grounded denial of liability upon such exclusion clause.

The defendant argues that no larceny occurred here because of the holding of the Florida court that the purchaser Dinwiddie obtained good title to the trailer. However, as appears from the final decree in the Florida action, such determination was grounded upon the principle that an undisclosed principal, who intrusts a chattel to his agent for sale, may be bound by a sale made in an unauthorized manner by the agent. An undisclosed principal is so bound if the agent sells the chattel in the ordinary course of business to one who reasonably believes the agent to be the owner. Restatement, 1 Agency (2d), pp. 439, 440, sec. 201 (2).

There remains for consideration the further issue raised by the defendant Insurance Company that Heinen is only entitled to recover one half of the $3,500 insurance proceeds because the trailer was owned in joint tenancy by his wife

and himself. There appears to be a conflict in the authorities as to whether one joint tenant may bring an action such as this and recover the entire value of the joint property without joining the cotenant. 14 Am. Jur., Cotenancy, p. 164, sec. 98. However, we find it unnecessary to pass on this question because the instant case is ruled in favor of the plaintiff on the issue of pleading. *Frederick v. Great Northern R. Co.* (1932), 207 Wis. 234, 240 N. W. 387, 241 N. W. 363, 80 A. L. R. 984.

In *Frederick v. Great Northern R. Co., supra,* the plaintiff husband sought to recover damages to real estate owned in joint tenancy by himself and wife. Upon the trial a deed was introduced in evidence establishing such joint ownership. The plaintiff moved to amend his complaint to include the wife as a party plaintiff but such motion was denied. The defendant took no action to amend its answer so as to set up the joint tenancy as a bar to the plaintiff recovering the entire damages. This court on appeal disposed of the defendant's contention, that the plaintiff was entitled to recover but one half of the damages, by stating (p. 243) :

"Not having amended its answer so as to raise that objection the defendant must be deemed to have waived the same. Sec. 263.12, Stats., provides: 'If no objection be taken, either by demurrer or answer, the defendant shall be deemed to have waived the same. . . .' "

The facts in the instant case on this issue closely parallel those in the *Frederick Case.* When the Wisconsin certificate of title was offered in evidence disclosing that the trailer was jointly owned by Mr. and Mrs. Heinen, Heinen moved to have his complaint amended to make Mrs. Heinen a party plaintiff. A colloquy then took place off the record between counsel, and no ruling on the motion to amend appears of record. However, the motion must be deemed to have been denied because Heinen is named as sole plaintiff in all subsequent papers in the action. The defendant

made no motion to amend the answer so as to set up any defense based upon the joint ownership of the trailer. Under the holding of the *Frederick Case* such defense must be deemed to have been waived.

*By the Court.*—Judgment affirmed.

MARTIN, C. J., and BROWN, J., took no part.