39952. DEARING LEASING COMPANY v. HARMON, INC.

Decided April 10, 1963—Rehearing denied April 25, 1963.

684

*Bouhan, Lawrence, Williams, Levy & McAlpin, George W. Williams, Thomas J. Dillon, Walter C. Hartridge, III*, for plaintiff in error.

*Brannen, Clark & Hester, H. Sol Clark*, contra.

FRANKUM, Judge. The allegations of the petition quoted in the foregoing statement of facts admit of no construction other than that the motor vehicle truck which was the subject matter of the lease contract was destroyed by fire without fault or neglect on the part of the defendant. Much, if not the entire, argument of counsel for the parties is devoted in their briefs in this case to a discussion of whether the contract sued on (admittedly a "bailment lease" as defined in *Great American Indem. Co. v. Ashbaugh,* 96 Ga. App. 166, 99 SE2d 501) obligated the lessee as an insurer of the truck and absolutely required the lessee to return the truck to the lessor in as good condition as when received by it, natural wear and tear excepted, or to pay the lessor its value in the case of the destruction of the truck without fault on the part of the lessee. All of this argument is beside the point, however, and it is unnecessary to decide in this opinion whether the contract was sufficient to authorize the plaintiff to recover for the value of the leased property upon its destruction, because the suit in this case is one expressly to recover the rental which would have accrued on the leased vehicle for the remainder of the term and nothing more.

*Code* § 12-207 provides: "The loss or destruction of the thing hired, without fault on the part of the hirer, puts an end to the bailment, and the hirer should pay only for the time it was enjoyed." No provision of the lease contract in this case expressly or by implication required the lessee to continue paying the rental on the motor truck after its loss or destruction, and in the absence of a clear expression of intention by the parties that some other rule would govern their rights in the matter, the provisions of the foregoing Code section must control. The

petition contains no prayer for general or nominal damages but only for special damages in the amount of the balance of the rental which would have accrued plus the one dollar representing the option purchase price. Under the Code section quoted above the rental was not recoverable after the destruction of the truck, and since the petition fails to allege that the defendant had in any wise exercised its option to purchase the vehicle, no basis for the recovery of the option purchase price was shown. Since none of the damages sought were recoverable, the petition was subject to general demurrer and was properly dismissed. *Hadden v. Southern Messenger Service*, 135 Ga. 372 (69 SE 480); *Truitt v. Rust & Shelburne Sales Co.*, 25 Ga. App. 62 (2) (102 SE 645); *Barwick v. American Mfg. Co.*, 30 Ga. App. 761 (2) (119 SE 218); *Stewart v. Western Union Tel. Co.*, 83 Ga. App. 532 (3) (64 SE2d 327); *Strickland v. Flournoy*, 95 Ga. App. 315 (2) (97 SE2d 638).

*Judgment affirmed. Nichols, P. J., and Jordan, J., concur.*