## 55678. JAMES v. MACK TRUCKS, INC. et al.

SHULMAN, Judge.

Appellant brought an action against Mack Trucks, Inc., seeking damages for loss of use of a truck entrusted to Mack for repairs. The suit was based on Mack's alleged negligence which unreasonably delayed the repair of the truck. Mack answered, denying liability, and brought a third-party action against Reid Alignment Co., a company which made some of the repairs on the truck. Both defendants were granted summary judgment, from which judgments this appeal is brought.

1. The chief argument of appellees was that appellant is not the real party in interest in this suit. That argument is based on a lease contract between James and a transport company. From the terms of that agreement, it is clear that the transport company was a hirer and James a bailor within the meaning of Code Ann. § 12-201: "Hiring is a contract by which one person grants to another either the enjoyment of a thing, or the use of the labor and industry of himself, during a certain time, for a stipulated compensation, or where one contracts for the labor or services of another about a thing bailed to him for a specified purpose." Having established the bailment relationship, appellees claim that James is precluded from seeking damages for loss of use by Code Ann. § 12-210: "For an interference with the possession, the right of action is in the hirer; for an injury to the property, or any interference with his rights of property, the bailor

also has his right of action."

In response, appellant relies on *Cincinnati, N. O. &c. R. Co. v. Hilley,* 121 Ga. App. 196 (173 SE2d 242). In that case, after stating the general rule on a bailor's rights against third persons for damage to bailed property, the court held: "However, the rule is different if the owner is entitled to immediate possession. . ." Id., p. 202.

In the case before us, the term of the bailment is established by the lease contract: "This lease shall be in effect for one year from date and from year to year thereafter. This lease may be terminated after it has been in effect thirty days by either party giving to the other written notice of termination." Appellees point to this lease provision and contend that the term was definite and the *Hilley* case, therefore is inapposite. Appellant, however, points out that the lease had been in effect more than thirty days at the time it was delivered to Mack Trucks, Inc. By the language of the lease contract, the bailment was then terminable at the will of either party merely by the giving of written notice.

Under the terms of the lease and the rule in the *Hilley* case, we hold that James is not precluded as a matter of law from seeking damages for loss of use of the truck. A question of fact remains as to whether James, in fact, suffered damages from the alleged delay. That being so, the contention of appellees that James is not the real party in interest was not a sufficient ground for the grant of summary judgment.

2. The other ground for summary judgment was that there had been an accord and satisfaction of James' claim. That holding was apparently based on the appellee's contention that the payment by appellant and his insurer of the repair bill for the truck, without an express reservation of any claim against appellees, constituted an accord and satisfaction. We cannot agree.

Appellant asserts that there is no evidence of "any discussion, understanding (express or implied) or agreement between the parties as to the claim of the plaintiff for loss of use and other damages because of the unreasonable time taken to repair the vehicle. . ." After a thorough review of the record, we have found no such evidence and appellees have not pointed out any (see Rule

18 (c)(3)(iv) of the rules of this court; Code Ann. § 24-3618 (c)(3)(iv)).

"An accord and satisfaction is itself a contract and requires a meeting of the minds in order to render it valid and binding . [Cits.]" *Pa. Threshermen &c. Ins. Co. v. Hill,* 113 Ga. App. 283, 293 (148 SE2d 83). Nothing in the record shows a meeting of the minds or any consideration flowing to appellant. Accordingly, summary judgment for appellees could not properly have been granted on the defense of accord and satisfaction.

3. Employing a "right for any reason" argument, appellees assert that appellant's action is barred by his execution of a subrogation agreement in favor of his insurer. The trial court rejected that argument, and we find it no more persuasive on appeal.

Appellees base their argument on the Supreme Court's decisions in *Parker Plumbing &c. Co. v. Kurtz,* 225 Ga. 31 (165 SE2d 729), and *Lindsey v. Samoluk,* 236 Ga. 171 (223 SE2d 147). Those cases held that the subrogation agreement executed by the insured was a complete assignment of all legal claims arising from the loss which triggered the insurer's liability to the insured.

The present case is not controlled by those decisions because the damages alleged by James are not a part of the claims to which his insurer was subrogated. The loss of use for which he seeks recovery did not arise from the occurrence which caused the damage for which appellant made a claim on his insurer. This loss occurred subsequent to and arose from a wholly different source than the loss which triggered the insurer's liability to James.

*Judgment reversed. Bell, C. J., and Birdsong, J., concur.*

SUBMITTED APRIL 10, 1978 — DECIDED JULY 13, 1978.

*Telford, Stewart & Stephens, J. Douglas Stewart,* for appellant.

*Greene, Buckley, DeRieux & Jones, Gregory J. Digel, Alfred B. Adams, III, Charles E. Walker,* for appellees.