70031. MARJON ASSOCIATES, INC. et al. v. LEASING INTERNATIONAL, INC.
(331 SE2d 20)

</div>

BIRDSONG, Presiding Judge.

Defendants, Marjon Associates and Don Marquess, leased a 1980 Audi 5000S automobile from the plaintiff, Leasing International, Inc., on September 22, 1981, for a period of 44 months. After 17 payments had been made, Marquess' wife, while driving the Audi, was involved in an accident on February 24, 1983, and the car was considered not to be economically repairable. Liberty Mutual Insurance Company, under a policy of insurance carried by defendants, paid Leasing International the current value of the car, $8,995 minus a $250 deductible. After applying the collision insurance proceeds to the contract, Leasing International demanded the remaining balance of payments from the lessee for the entire 44 months, as computed under the premature termination clause of the lease. Defendants refused to make further payments and this action followed. The trial court gave summary judgment for plaintiff and defendants bring this appeal. *Held*:

1. Historically, Georgia law has held that destruction of realty by fire would not abate the rental contracted to be paid for the entire term. OCGA § 44-7-15 (formerly Code Ann. § 61-113); *Gavan v. Norcross*, 117 Ga. 356, 360-361 (43 SE 771); *White v. Molyneux*, 2 Ga. 124 (2). However, the converse rule has applied to personalty. "The loss or destruction of the thing hired *without fault on the part of the hirer* puts an end to the bailment, and the hirer is required to pay only for the time it was enjoyed." (Emphasis supplied.) OCGA § 44-12-66 (formerly Code Ann. § 12-207). In construing the provisions of this code section, this court has held: "No provision of the lease contract in this case expressly or by implication required the lessee to

continue paying the rental on the motor [vehicle] after its loss or destruction, and in the absence of a clear expression of intention by the parties that some other rule would govern their rights in the matter, the provisions of the foregoing Code section must control." *Dearing Leasing Co. v. Harmon*, 107 Ga. App. 682, 684 (131 SE2d 128).

There is no express provision in the lease contract applying to destruction of the bailed automobile during the lease term. Plaintiff argues that sections 6 and 10 cover premature termination of the contract — apparently by implication, it includes destruction of the chattel. We do not agree. It is clear from the wording of section 6 that it refers only to voluntary elections to terminate the lease prior to completion of the full term. Section 10, by its own terms, applies to "termination pursuant to this section," which relates only to those instances when the lessee "fails to pay in full on the date due any payment due thereunder, or defaults in the performance of any of the other terms, conditions . . ." etc. Involuntary destruction of the bailed property would not come within these terms.

Plaintiff contends that the lease was prematurely terminated by the destruction of the property and section 6, which applies to premature terminations, would apply. This argument is unpersuasive. The clearly expressed intent of the parties is that if lessee desired to terminate the lease, he could provide the lessor with 30 days advance written notice of his "election to prematurely terminate the lease" and then the provisions of that paragraph would control the return of the leased property and the lessee's liability for payments for the remainder of the term. We find no implication in the wording of this paragraph that would include an involuntary destruction of the bailed property. Under OCGA § 44-12-66, where the property is destroyed, without fault of the bailee, the bailment is terminated, and so are future payments under the lease. There is no "clear expression of intention by the parties that some other rule would govern their rights in th[is] matter. . . ." *Dearing Leasing Co.*, supra, p. 684. If such intent had been desired, the lessor could easily have included it in the contract of bailment as it had the power to control the agreement provisions at the time of drafting. *Farm Supply Co. v. Cook*, 116 Ga. App. 814, 819 (159 SE2d 128). It is general contract law in Georgia that the contents of a contract are to be construed most strongly against the drafter if construction of any part is in doubt. OCGA § 13-2-2 (5). Hence, if there is doubt as to whether paragraph 6 includes destruction of the bailed property, that doubt is to be construed in favor of the lessee. *Farm Supply Co.*, supra, p. 818; *Simmerman v. Dept. of Transp.*, 167 Ga. App. 383, 386 (307 SE2d 4).

This leaves at issue whether defendant's fault contributed to the destruction of the bailed personalty. This question was not litigated in the record before us. Defendant raised this point in his answer to

the plaintiff's interrogatories when he stated that his wife stepped on the brake and the car accelerated, and that this model car was later subject to recall for defects. This issue remains for trial and summary judgment was inappropriate.

2. Leasing International argues that this case is controlled by *London v. Bank of the South*, 170 Ga. App. 44 (315 SE2d 924). We do not agree. These cases are distinguishable upon the facts. The facts contained in the *London* decision do not show whether that lease contract contained a similar clause as to "premature termination" or whether the *London* contract had a specific clause covering destruction of the property. Neither is the issue of fault of the bailee in destruction of the property raised or discussed. The above holding is not in conflict with that which was held in *London*.

*Judgment reversed. Carley and Sognier, JJ., concur.*

DECIDED APRIL 9, 1985 —
REHEARING DENIED MAY 1, 1985.

*David G. Crockett*, for appellants.
*C. Cyrus Malone III*, for appellee.