A89A1844. MARK SINGLETON BUICK, INC. v. TAYLOR.
(391 SE2d 435)

SOGNIER, Judge.

Clifton H. Taylor brought suit against Mark Singleton Buick, Inc. for alleged breach of warranty arising from a lease agreement for a motor vehicle. We granted Singleton Buick's application for inter-

locutory appeal from the trial court's denial of its motion for summary judgment or partial summary judgment.

The basic facts underlying the transaction are not disputed. On February 11, 1984, appellant and appellee entered into a written agreement whereby appellant agreed to lease a 1984 Buick Century station wagon to appellee in exchange for payments of $232 per month for 48 months. Appellee was obligated to pay the taxes and maintain insurance on the vehicle, make all necessary repairs, and return the car to the lessor at the expiration of the lease term. After execution of the agreement, appellant sold the car to Trust Company Bank (the Bank) and assigned its rights as lessor to the Bank. Appellant repaired and serviced the car numerous times between February 1984 and May 1985, but refused to make any further repairs. After that time, the record discloses only that the vehicle was towed to appellant's lot, where it remains.

1. Appellant contends the trial court erred by denying its motion for summary judgment made on the basis that the contract between the parties expressly excluded all express or implied warranties. Paragraph 12, the lease provision at issue, states that "[i]t is expressly agreed and understood (a) that . . . [APPELLANT] AND ITS ASSIGNEE . . . MAKE NO WARRANTY, EITHER EXPRESS OR IMPLIED, AS TO THE CONDITION OF THE LEASED VEHICLE OR ANY PART OR ACCESSORY THEREOF, ITS MERCHANTABILITY OR FITNESS FOR ANY PARTICULAR PURPOSE, or as to any patent or latent defects in material, workmanship or otherwise . . . and (b) that the only warranties applicable to any Leased Vehicle are warranties made by the manufacturers or its (sic) dealers and representatives, and that [appellee's] rights under any manufacturer's new vehicle warranty shall not be impaired hereunder."

Contrary to the assumption made by both parties, we do not find that this provision must meet the requirements of OCGA §§ 11-2-316 (2) and 11-1-201 (10) regarding exclusion of implied warranties arising under OCGA §§ 11-2-314 and 11-2-315 because the agreement between the parties is a true lease, not a contract for the sale of goods. See Mejia v. C & S Bank, 175 Ga. App. 80 (332 SE2d 170) (1985); Mays v. C & S Nat. Bank, 132 Ga. App. 602, 609 (208 SE2d 614) (1974), overruled on other grounds Mock v. Canterbury Realty Co., 152 Ga. App. 872, 879 (264 SE2d 489) (1980). Appellee leased the vehicle for four years, title remained with the assignee, and appellee was required to surrender the car at the expiration of the lease term, there being no option to purchase it. "Nowhere therein can it be construed that the parties contemplated a sale, an option to purchase, or creation of a security interest, [cits.]," McGuire v. Assoc. Capital Svcs. Corp., 133 Ga. App. 408, 411 (210 SE2d 862) (1974), and thus neither

the implied warranty provisions nor the exclusion rules therefor of the Uniform Commercial Code apply to the agreement at issue. See id.; see also *Mejia*, supra at 82.

It is clear from the terms of the lease agreement that a contract for hire as defined in OCGA § 44-12-60 was created, with appellant as bailor and appellee as bailee. See *James v. Mack Trucks*, 146 Ga. App. 689 (1) (247 SE2d 215) (1978). Consequently, the relationship between appellant and appellee is governed by the lease terms, *McGuire*, supra at 411, and by the statutory obligations of a bailor under OCGA § 44-12-63. See *James*, supra at 689-690 (1). While appellant's liability may be excluded by a contractual exculpatory clause provided the clause is not contrary to public policy, *Hall v. Gardens Svcs.*, 174 Ga. App. 856, 857 (332 SE2d 3) (1985), we cannot conclude from the evidence before us that appellant has no warranty obligation to appellee. Although paragraph 12 (a) of the lease agreement purports to exclude all express and implied warranties, paragraph 12 (b) specifically preserves the warranties made by the manufacturer "or its dealers and representatives," and appellant was clearly a "dealer." When this ambiguity is construed against appellant, the drafter of the lease, *Marjon Assoc. v. Leasing Intl.*, 174 Ga. App. 679, 680 (331 SE2d 20) (1985), there is a jury question as to whether appellant was obligated under the "dealer" warranties because appellant has produced no evidence to show either that it was not obligated under warranties made as a "dealer" or that if warranties were made, they had expired or otherwise were not applicable to the dispute at issue. Compare *Freeman v. Hubco Leasing*, 253 Ga. 698, 700-702 (324 SE2d 462) (1985) (dealer and assignor of an automobile lease which contained an exclusion of warranty clause identical to that in the instant case was denied summary judgment because the clause did not eliminate the dealer's obligation under the manufacturer's warranty to repair manufacturer's defects) with *Southern Protective Prods. Co. v. Leasing Intl.*, 134 Ga. App. 945, 948 (3) (216 SE2d 725) (1975) (lease exculpatory clause found to exclude duty at issue).

On a motion for summary judgment the respondent is to be given the benefit of all reasonable doubts and all favorable inferences that may be drawn from the evidence even when the respondent is the party upon whom the burden of proof at trial would lie. *Georgia Intl. Life Ins. Co. v. Huckabee*, 175 Ga. App. 343, 345 (333 SE2d 618) (1985). The movant must show that "there is no genuine issue as to any material fact and that [it] is entitled to a judgment as a matter of law," OCGA § 9-11-56 (c), and when, as in the case at bar, the movant is the defendant, it "has the additional burden of piercing the plaintiff's pleadings and affirmatively negating one or more essential elements of the complaint. [Cits.]" *Corbitt v. Harris*, 182 Ga. App. 81, 83 (354 SE2d 637) (1987). Our review of the sparse record persuades us

that appellant has failed to carry this burden, and accordingly we affirm the trial court's denial of appellant's motion for summary judgment on the breach of warranty issue. *Freeman*, supra at 702 (1).

2. However, we do agree with appellant that the trial court erroneously denied its motion for partial summary judgment on the issue of exclusion of consequential damages. The lease agreement provides that appellant "shall not be liable . . . for any loss of profits or time, or other consequential damages resulting from any theft, damage, loss, defect or failure of any Leased Vehicle, or through the recovery, repair, adjustment, service or replacement of any Leased Vehicle." To the extent that consequential damages are recoverable in breach of contract actions, see OCGA § 13-6-8, a clause excluding such damages is valid and binding unless prohibited by statute or public policy. See *Hall*, supra at 857; see also OCGA § 1-3-7. As the language in the clause at issue is not contrary to public policy, see generally *Southern Protective Prods.*, supra at 947-948 (3), we find that appellant was entitled to partial summary judgment in its favor on any claims for consequential damages except to the extent appellant may be obligated for such damages under the separate warranty agreement between appellee and the manufacturer (see Division 1).

*Judgment affirmed in part and reversed in part. Banke, P. J., and Pope, J., concur.*

## ON MOTION FOR REHEARING.

On motion for rehearing, appellant for the first time presents the argument that because the invoice issued pursuant to appellant's sale of the car to the Bank expressly disclaimed all dealer warranties, it has no warranty obligation to appellee. However, pretermitting the question of whether that document, which was attached as an exhibit to the pretrial order, was properly before the trial court on summary judgment, and whether its disclaimer indeed resolves the issue of a dealer warranty, the invoice, which apparently was executed as part of a simultaneous transaction among appellant, appellee, and the Bank, states that "[a]ny warranties on the [car] are those made by the manufacturer." The complaint and answer filed below indicate that the manufacturer did provide a warranty on the vehicle, and the service thereunder was provided by appellant. Appellee's contention in the pretrial order is that this warranty service was not performed properly, while appellant contends that it has met its obligations under the manufacturer's warranty and that the warranty has now expired. As neither party offered any testimony on this issue, we conclude that the question of appellant's performance of its obligations to service the manufacturer's warranty cannot be resolved on this motion for summary judgment.

634

DECIDED FEBRUARY 12, 1990 —
REHEARING DENIED FEBRUARY 23, 1990 — 

*Moore & Rogers, William R. Johnson, J. Brian O'Neil,* for appellant.
*Gaines C. Granade,* for appellee.