A98A0534. SMITH v. LINKWELL INDUSTRIES, INC.
(502 SE2d 296)

Judge Harold R. Banke.

When Linkwell Industries, Inc. d/b/a Olympic Tires ("Linkwell") sued for payment on a sales account, Richard O. Smith d/b/a Industrial Tire Service ("Smith") counterclaimed for special and consequential damages. Smith does not contest the summary judgment regarding his indebtedness but challenges the dismissal of his counterclaim.[1]

The underlying action arose after Smith, who is in the business of selling and installing industrial grade forklift tires, purchased some defective tires from Linkwell. After Linkwell sued on the unpaid account balance, Smith counterclaimed for business losses allegedly sustained due to failure of a significant number of the tires. Linkwell argued that a limited warranty completely foreclosed Smith's counterclaim. In dismissing Smith's counterclaim, the trial court apparently agreed with Linkwell.

It is undisputed that Linkwell, a California corporation, supplied some defective tires to Smith's Georgia business. Jackee Savage, Linkwell's California-based credit manager, asserted that Smith received a limited warranty that expressly restricted Linkwell's liability for the defective tires. This warranty provides, "[t]he buyer agrees that replacement or adjustment, as aforesaid, shall be the

---

[1] Based on Smith's admissions, the court granted summary judgment on Linkwell's claim.

exclusive remedy and that Olympic Tyres shall not in any event be held liable for any special, indirect, or consequential damages."[2] Savage claimed that "[t]he warranty is printed on all sales literature and price lists."

Smith's testimony diametrically contradicted Savage's version of events. Smith testified that at no time before commencing business with Linkwell had he been presented with a copy of the limited warranty at issue. Smith asserted that when he placed his orders by telephone to Linkwell's Chattanooga facility, no mention was made of any limitation on liability and that he never consented to any such restriction. Smith testified that Linkwell represented the tires as the "best product available in the marketplace" and assured him that prior manufacturing defects had been corrected and that the tires would be "defect free."[3] *Held*:

In his sole enumeration of error, Smith contends that the existence of genuine issues of material fact about the existence of and applicability of the limited warranty precluded summary judgment. We agree. See *Mark Singleton Buick v. Taylor*, 194 Ga. App. 630, 632 (1) (391 SE2d 435) (1990).

As the record evidence indicates, Smith and Linkwell dispute an extremely crucial fact, i.e., the existence of any limited warranty which could apply to this transaction. Smith denied Linkwell's claim that he had received a copy of the limited warranty. Moreover, Linkwell failed to offer any evidence as to when this undated one-page form titled "Limited Warranty" became effective or how, when, or where it purportedly was included in any price lists or sales catalogs. Nor did Linkwell show that it ever sent any price lists or sales catalogs containing this warranty to Smith. Compare *A-Larms, Inc. v. Alarms Device Mfg. Co.*, 165 Ga. App. 382, 386 (2) (300 SE2d 311) (1983) (buyer's ignorance of warranty terms not excused by failure to request or examine document made available through catalog offer to provide copy of the written, limited warranty upon request). Linkwell provided no documentation to substantiate its assertion that Smith received a copy of the warranty or that this particular warranty applied to the underlying sale.

After construing the evidence more favorably toward Smith, as we must in this procedural context, we conclude that in light of these disputed material facts, Linkwell was not entitled to summary judg-

---

[2] "Olympic Tyres makes no other warranty, express or implied and specifically disclaims and excludes any and all warranties on merchantability and fitness for a particular purpose."

[3] Savage admitted that "[a] bond failure on the tires occurred," and stated that "[t]he tires are manufactured in China and this defect cannot be discovered until about 10 days use."

ment. *Edwards v. Edwards*, 267 Ga. 780, 781-782 (2) (482 SE2d 701) (1997); OCGA § 9-11-56 (c).

*Judgment reversed. Pope, P. J., and Beasley, J., concur.*

DECIDED MAY 4, 1998.

*Charles E. LeGette, Jr.*, for appellant.
*Howe & Associates, John J. Maurer*, for appellee.