[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10132
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cv-00222-MHC

ALYSSA MAJESKO,
on behalf of herself and all persons similarly situated,

Plaintiff - Appellant,

versus

NATIONWIDE MUTUAL INSURANCE COMPANY,
NATIONWIDE AFFINITY INSURANCE COMPANY OF AMERICA,
ABC COMPANIES 1-5,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(August 29, 2018)

Before WILSON, NEWSOM, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Alyssa Majesko appeals the district court's dismissal of all of her claims at the motion to dismiss stage against defendants Nationwide Mutual Insurance Company and Nationwide Affinity Insurance Company of America (collectively, Nationwide) and ABC Companies 1–5.  Majesko's case arises out of her attempt to recover the diminished value of a Mercedes-Benz vehicle she leased that was severely damaged in an accident in Georgia.  Majesko obtained a car insurance policy for that vehicle from the defendants.  On appeal, Majesko argues that the district court erred in: dismissing her breach of contract claim because Georgia law and the policy do not prevent the lessee of a vehicle from recovering its diminished value; concluding that Nationwide had not waived its standing arguments; holding that the language in the lease divested her of standing as a bailee to pursue claims against Nationwide; and deciding that Nationwide's diminished value payment to Mercedes precluded her diminished value claim against Nationwide.  After thorough review of the parties' briefs and the record, we affirm.

## I.

We review de novo a district court's grant of a motion to dismiss for failure to state a claim.  *Harper v. Blockbuster Entm't Corp.*, 139 F.3d 1385, 1387 (11th Cir. 1998).  We accept the well-pleaded facts in the complaint as true and construe them in the light most favorable to the non-moving party.  *Guarino v. Wyeth, LLC*, 719 F.3d 1245, 1248 (11th Cir. 2013).  A claim can only survive a motion to

dismiss if it is plausible on its face.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007).  Facial plausibility occurs "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).

## II.

Because Majesko cannot bring this case absent standing, we start (and ultimately end) with the standing issue.  Majesko argues that Nationwide waived its standing arguments, but standing arguments are not subject to waiver.  *United States v. Hays*, 515 U.S. 737, 742, 115 S. Ct. 2431, 2435 (1995); *see also* Fed. R. Civ. P. 12(h)(3) (mandating the dismissal of an action at any time if it is determined that subject matter jurisdiction is lacking).  And the plain language of the lease specifies that Mercedes is the only entity that could "initiate, settle, or release" an insurance claim arising out of the physical damage of its vehicle.  *See Mark Singleton Buick*, *Inc. v. Taylor*, 391 S.E.2d 435, 437 (Ga. Ct. App. 1990) (explaining that the lease terms govern the rights of the bailor and the bailee).  Therefore, Majesko has no standing to bring a claim for the diminished value of the vehicle, and because the rest of her claims emanate from that claim, she does not have standing to bring any of her claims in this case.

**AFFIRMED.**

3