27565. STATE REVENUE COMMISSION *v.* GLENN.

DECIDED DECEMBER 5, 1939.   REHEARING DENIED DECEMBER 20, 1939.

*B. B. Zellars, Claude Shaw, assistant attorneys-general,* for plaintiff.

*Spalding, Sibley, Troutman & Brock,* for defendant.

MACINTYRE, J. · The State Revenue Commission made an assessment against T. K. Glenn, the defendant, for income taxes for the year 1935. In December, 1932, the defendant organized under the laws of Delaware a corporation known as Walhalla Investment Company. The defendant owned 98 shares of stock and was the beneficiary owner of the two remaining shares. In order to obtain this stock, the defendant (hereafter called the taxpayer) on January 3, 1933, conveyed four tracts of land to said corporation in consideration of its stock. The taxpayer said three parcels of said land were bought before 1931, and that its fair market value on January 1, 1931, was $392,500; that he purchased the fourth parcel on November 12, 1932 at a cost of $122,000, making the aggregate bases of the four parcels of property for the purpose of income tax, $514,500. On April 15, 1935, Walhalla Investment Company was dissolved and the taxpayer received the four tracts of land back from the corporation. He contends that the value at this time was $206,100, whereas it was valued at $514,500 at the time it was transferred to the corporation, making a net loss of $308,400 to the taxpayer.

The question presented is whether or not the judge erred in overruling the demurrer to the affidavit of illegality, and this question arises entirely out of the disallowance by the State Revenue Commission of the loss claimed by the taxpayer upon the dissolution of Walhalla Investment Company in his income tax returns. If he actually sustained a loss, and if that loss was deductible, the judg-

ment of the trial court should be affirmed. If he did not, under the statute, suffer a loss, or, if having suffered one, the statutes did not permit him to deduct the loss for income-tax purposes, then the judgment should be reversed. For the purpose of the demurrer let us assume or admit that the taxpayer sustained this loss on account of his dealings with the corporation in which he owned 98 per cent. of the capital stock.

Code, § 92-3108, provides: "The words 'net income' mean the gross income of a taxpayer, less the deductions allowed by this law." Code, § 92-3109, in part, provides: "In computing net income there shall be allowed as deductions: . . (d) Losses sustained during the taxable year and not compensated for by insurance or otherwise." Code, § 92-3110, provides: "In computing the net income no deductions shall in any case be allowed in respect of: . . (e) Shrinkage in value of property of any kind." Code, § 92-3120 (d), provides: "The distribution to the taxpayer of the assets of a corporation shall be treated as a sale of the stock or securities of the corporation owned by him, and the gain or loss shall be computed accordingly." All of these Code sections were taken from the income-tax act of 1931 (Ga. L. Ex. Sess., 1931, p. 24). The amending act of 1935 (Ga. L. 1935, pp. 121, 124, § 3) stated: "That said title 92, division I, part IX, chapter 92-31 of the Code of Georgia of 1933 be further amended by adding at the end of subsection (d) of section 92-3109 the following: 'Provided, that no deduction shall be allowed for any claimed losses arising by reason of the sale by an individual of tangible or intangible property to a corporation in which such individual and/or the members of the family of such individual own a majority of the capital stock, or to the wife or husband or any member of the family of such individual; nor shall any such claimed loss be allowed to any corporation on account of the sale of any property, tangible or intangible, to any stockholder and/or stockholders owning fifty per cent. or more of the capital stock in any such corporation or the wife or husband or any member of the family of any such stockholder and/or stockholders; nor shall any such claimed loss be allowed to any person or corporation on account of the sale of any property, tangible or intangible, where the seller purchases the same or similar property within thirty days from the date of any such sale.'"

Thus, subsection (d) of Code, § 92-3109, gives one of the rules to be followed in computing the net income of the taxpayer. This rule is that the "losses sustained during the taxable year and not compensated for by insurance or otherwise" are allowed as a deduction from the gross income, but, since the Code of 1933, the amending act of 1935 has modified the rule in that it provided that no deductions shall be allowed for any claimed losses arising by reason of the sale by any individual of tangible or *intangible property* (stock) to a corporation in which such individual owns a majority of the capital stock; nor shall any such claimed loss be allowed to any corporation on account of the sale of any property, tangible or intangible, to any stockholder owning fifty per cent. or more of the capital stock in any such corporation.

Is not the question, in its final analysis, whether the amending act of 1935, which is added at the end of subsection (d) of Code, § 92-3109, applies to and affects only this subsection (d) of Code, § 92-3109, or does it apply to and affect the entire chapter 92-31 of the Code of 1933? It should be noted that the amending act of 1935 does not state that it is amending Code, § 92-3109, or that it is amending subsection (d) of that section, but it states that it is further amending "title 92, division I, part IX, chapter 92-31 of the Code of Georgia, 1933," and then states in effect that the place where said amendment shall be inserted in said chapter is at the end of subsection (d) of section 92-3109.

Chapter 92-31 of the Code of 1933, which deals with income tax, is headed "Imposition, rate, and computation of taxes; exemptions." Code, § 92-3109, which is included in this chapter is headed "Deductions from gross income," and enumerates in various subsections what deductions are allowed from gross income in computing net income. One of these subsections, designated as "d," is headed, "Losses." This subsection then defines the word "losses," as used therein, to be "losses sustained during the taxable year and not compensated for by insurance or otherwise." The "losses" thus defined may be deducted from the taxpayer's gross income and might be called deductible "losses." Code, § 92-3110, is headed "Items not deductible," and it is therein stated in subsection (e) that no deductions are allowed for "shrinkage in value of property [of the taxpayer] of any kind," and finally, the last section of this chapter (Code, § 92-3120) is headed: "Gain or loss

in exchange of property; corporate stock; 'reorganization' and 'party to a reorganization' defined." Among the definitions in this section (92-3120) is subsection (d) which is as follows: "The distribution to the taxpayer of the assets of a corporation shall be treated as a sale of the stock or securities of the corporation owned by him, and the gain or loss shall be computed accordingly." Thus, if the assets of the corporation in which the taxpayer was a stockholder had been distributed to him, he would have been allowed to "treat such distribution of the assets as a sale of the stock . . of the corporation owned by him," and in case of a loss on account of such distribution of the corporation's assets this could have been computed as a loss deductible under the Code, § 92-3109 (d).

Before the act of 1935, how was the deduction of a loss on account of such distribution of the assets of the corporation to the taxpayer stockholder to be computed? It was to be computed according to the rules laid down in this chapter, one of which rules is stated in Code, § 92-3109 (d), which defines deductible "losses." Under such a state of facts as is presented in this case, the two Code sections become so entwined or intermingled that they can not be separated when determining the amount to be deducted as "losses" according to the provisions of this chapter, and the two subsections must be considered together. However, in 1935, the legislature passed an act amending chapter 92-31 of the Code of 1933, and added the amendment at the end of subsection (d) of Code, § 92-3109, which defines deductible "losses." Thus, the definition of the word deductible "losses" was altered somewhat by the amending act of 1935 in that it excluded from the definition of deductible "losses," among other things, such "losses" as were brought about on account of the sale of *any* property, tangible or intangible, to a corporation by a stockholder of such corporation who was the sole stockholder or who owned a majority of the stock. Accordingly, by amending the definition of, or the rule for computing, deductible "losses" as laid down in Code, § 92-3109 (d), the act of 1935 did not abrogate but only modified the definition of, or the rule for computing, "loss" as contained in Code, § 92-3120 (d) ; for the act of 1935 did not disunite or disconnect these two subsections, but they remained in the same close and intermingled relationship to each other that they had occupied before the amending act of 1935. Subsection (d) of Code, § 92-3109, as

amended, is the modified definition of the word "losses" as used in chapter 92-31, and, since the act of 1935, is the rule to be applied in computing the "loss" mentioned in subsection (d) of Code, § 92-3120. In other words, since the act of 1935, the word "loss" mentioned in subsection (d) of Code, § 92-3120 is to be determined according to the rule laid down in Code, § 92-3109 (d), as amended by the act of 1935.

We are strengthened in this view by the wording of the act of 1935 (Ga. L. 1935, p. 124), which says: "That said Title 92, division I, part IX, chapter 92-31 of the Code of Georgia of 1933 be further amended by adding at the end of subsection (d) of section 92-3109 the following: 'Provided: . .'" as above stated, thus indicating that the legislature was amending the *whole* chapter 92-31 and that the amendment was to be construed in connection with the *entire* chapter, and that it was not intended to be applied and restricted to *one* subsection only, or even to *one* section.

Thus we think the legislature intended that if the taxpayer owns a majority or more of the stock of a corporation, and the corporation is dissolved, and the correct proportionate share of the assets of the corporation is turned over to the taxpayer owning a majority or more of the stock in such corporation (the stockholder of course surrendering the stock), such a distribution of assets is to be treated as a sale of the stock by the taxpayer stockholder to such corporation, and any loss by reason of such transaction is not deductible as a "loss" in computing the net income for purposes of taxation under the income-tax law.

*Judgment reversed. Broyles, C. J., and Guerry, J., concur.*