28472. BROWNE *v.* INSTITUTE OF BUSINESS AND ACCOUNTING.

872

DECIDED DECEMBER 5, 1940.

*Joseph S. Crespi*, for plaintiff.  *Benton E. Gaines*, for defendant.

STEPHENS, P. J.  (After stating the foregoing facts.)  This is a suit by the Institute of Business and Accounting against Mrs. Browne, to recover on a note executed by her and Joe Browne, which is evidence of an indebtedness arising out of a contract between the plaintiff of one part and Mrs. Browne and Joe Browne of the other part, by which the plaintiff was to furnish certain described help and instructions to Joe Browne in consideration of a cash payment and certain periodic payments to be made thereafter. Joe Browne was not joined as a party defendant. The suit proceeded solely against Mrs. Browne. Mrs. Browne alleged in her plea that the original contract was without any consideration, and that Joe Browne, the other party thereto with her, was a minor, and that on October 25, 1937, he had rescinded the contract by demanding of the plaintiff the return to him of the moneys which had been paid to the plaintiff under the contract in the amount of $27.50, which had been paid out of funds belonging to Joe Browne, less a reasonable amount to be retained by the plaintiff for the partial use of the materials which the plaintiff had furnished to him.

It appeared from the evidence that $27.50 had been paid on the contract by and out of funds belonging to the minor Joe Browne, and that Joe Browne through his mother, Mrs. Browne, the defendant here, as next friend, had filed suit against the institute to recover $27.50 which had been paid to the institute out of funds belonging to the minor Joe Browne, and that as a result of this suit this sum of money, namely, $27.50 had been paid by the plain--

tiff, the institute, to Mrs. Browne as next friend of Joe Browne. This suit by Joe Browne to recover against the institute the moneys which had been paid to the institute on the contract out of Joe Browne's funds was evidently filed after the present suit on the note by the institute against Mrs. Browne was filed. Whether it went to judgment or not does not appear. This, however, is immaterial. It appears that the contract, whether by compulsion on the institute or as the result of a lawsuit against it or by the institute's voluntarily refunding to Joe Browne the moneys which had been paid to it under the contract by him, was rescinded as to Joe Browne. It is contended by Mrs. Browne that this rescission of the contract between the plaintiff, the institute, and the minor Joe Browne, the party with her to the contract, operated as a release of her from liability under the contract. Whether the status of the defendant Mrs. Browne be that of surety or principal, the contract is not lacking in consideration by reason of the fact that the consideration for which her promise was given flowed to the other party to the contract, her minor son Joe Browne. Neither is a contract of suretyship nor one as principal void for lack of consideration merely because the consideration for the party's promise does not flow to him from the promisee but flows to another. The fact that the obligation of the institute was to furnish help and instruction to Joe Browne and therefore the consideration for Mrs. Brown's promise did not flow to her (if it did not flow to her) does not render the contract void as to her for lack of consideration. If she were under an obligation to support him as being her minor son, the consideration could not be said as not flowing to her. While an extinction of the obligation of a principal might under some circumstances release the surety, yet, as provided in Code, § 103-102, "If . . the original contract of the principal was invalid from a disability to contract, and this disability was known to the surety, he [the surety] shall still be bound." It appears that Mrs. Browne who is the mother of Joe Browne, a principal to the contract, knew when she entered into the contract of his disability to contract on the ground of his minority. Therefore there is no merit in the contention that she is not bound by the contract as originally made on the ground that if she were a surety her promise was lacking in consideration by reason of the fact that her principal was a minor and under a disability to contract.

If Mrs. Browne is to be considered as a joint obligor with her minor son Joe Browne to the contract, although the consideration for her promise may have flowed entirely to him, the contract still was not lacking in consideration as to her by reason of the minority of Joe Browne her joint obligor. As provided in Code, § 3-302, "In all cases against joint obligors or promisors, any one or more of the parties may plead infancy; if such plea shall be sustained, the action shall not abate, but the court shall award judgment, as in cases of nonsuit, in favor of the party or parties so pleading, and permit the plaintiff to proceed against the other defendant or defendants without further delay or costs." It appears that Mrs. Browne and the minor Joe Browne are, as parties to both the contract and the note, joint obligors. Their obligations are not severable. Much more, however, would Mrs. Browne be liable, notwithstanding the minority of the other obligor Joe Browne, if her obligation was a severable one from his. There therefore is no merit in the defendant's plea that the original contract and her obligation thereunder are unenforceable and void for lack of consideration for her promise.

It is insisted by Mrs. Browne that by virtue of the cancellation clause in the contract it was void as lacking in mutuality. While the contract contains provisions that, upon proof satisfactory to the plaintiff, the party to whom it contracts to give the services, instruction, etc., is unable to continue the course, the plaintiff will cancel the contract, and the actual services rendered by the plaintiff will be paid for proportionate to the entire course, this does not render the contract lacking in mutuality. It is a concession for the benefit of the obligors under the contract. Notwithstanding this provision the contract is one by which the institute agrees to furnish certain services and the other parties agree to pay therefor. Each promise is a consideration for the other. The contract therefore is not lacking in mutuality. The provision in the contract that the institute will, after the completion of the contract by performance by it of its obligation thereunder, and the payment by the obligors of their obligation, refund to the obligor to whom it has furnished the services the money paid if the obligor is not entirely satisfied, has no effect whatsoever upon the contract as one containing mutual obligations and promises.

Does the rescission of the contract between the institute and the

other obligor, Joe Browne, by virtue of his notice of rescission to the plaintiff of the contract on the ground of his minority, and his suit against the plaintiff to recover the moneys which he had paid to the plaintiff on the contract, and which the plaintiff refunded to him, operate to release Mrs. Browne, whether as a surety or principal, of her obligation under the contract? As a surety to the contract, assuming, for the sake of the argument that she was a surety, she would not be released unless the so-called rescission of the contract was the result of some voluntary act on the part of the institute which increased Mrs. Browne's risk under the contract, or exposed her to greater liability thereunder. It does not appear undisputed and conclusively and as a matter of law from the evidence that the rescission of the contract between the institute and Joe Browne was due to any voluntary conduct on the part of the institute or agreement by the institute with Joe Browne. It appears that whatever was done in this connection was done by the institute as a result of a lawsuit instituted against it by the minor Joe Browne to recover what he had paid on the contract, and that he did recover it on the ground of the invalidity of the contract by reason of his minority. It not appearing that the refund by the institute to Joe Browne of the money which he had paid to the institute under the contract was voluntary by the institute, or was due to any voluntary contract or agreement made between it and Joe Browne, it does not appear that the refunding of this money, although it might increase the amount which might be due by Mrs. Browne on the contract, was the result of any voluntary act by the institute. The rescission of the contract as a result of the transaction between the institute and Joe Browne, even if it had been done as the result of the voluntary act and conduct of the institute, in so far as it might release Joe Browne from liability under the contract, in no way increased the risk of Mrs. Browne or exposed her to any greater liability than that which rested upon her under the contract. Since Joe Browne was a minor and was not liable under the contract, any release of him by the institute of whatever obligation of his existed under the contract amounted to nothing in so far as relieving him of liability, and therefore did not increase the risk of Mrs. Browne or expose her to greater liability.

Since, as appears in the Code § 3-302, where a joint obligor is a minor, a sustaining of his plea of minority in a suit against

him and the other obligor would not release the latter, it necessarily follows that a release of the minor by the obligee, by any contract or as the result of any lawsuit, from his obligation on the ground of his minority would not release the other obligee. It was held in Young *v*. Currier, 63 N. H. 419, that the release of an infant joint obligor, after he has repudiated the contract, will not release the other obligors. See also, to the same effect, Baker *v*. Lovett, 6 Mass. 78 (4 Am. D. 88); note in 5 L. R. A. 596. The same reasoning would necessarily apply if Mrs Browne and the minor Joe Browne were severable obligors. There is no merit in the contention that, by virtue of the rescission of the contract between the institute and Joe Browne on the ground of his minority, Mrs. Browne was relieved of liability under the contract and note sued on.

This case is distinguishable from those cases where one of several obligors of a contract, such as a minor, has repudiated or rescinded the contract by restoring to the obligee the consideration of the contract, such as property bought from the obligee and for which the obligors had promised to. pay, and an acceptance of the return of the property by the obligee, in which it has been held that such rescission releases a co-obligor or surety. These decisions are predicated on equitable principles that where the obligee has taken back the property from a principal obligor he can not retain it and at the same time compel payment therefor by a co-obligor or surety. In this case it does not appear that the obligee has received back from any of the obligors anything which the obligee may have delivered to the obligor by virtue of the terms of the contract. It does not appear that the obligee received back any material which it had furnished to the minor, Joe Browne. On the contrary it appears that the obligee refunded to the minor obligor what the latter had paid to the obligee under the terms of the contract.

The verdict finding the defendant liable on the contract was demanded under the law and the evidence. There being no question raised as to the amount sued for, and represented in the note sued on, after credit given for the payments which had been made on the contract, although they had been refunded to Joe Browne, the court did not err in overruling the certiorari brought by Mrs. Browne excepting to the judgment of the appellate division of the civil court

880

of Fulton County affirming the judgment of the trial judge overruling the defendant's motion for new trial.

*Judgment affirmed. Sutton and Felton, JJ., concur.*