### 43028. EVANS v. AMERICAN NATIONAL BANK & TRUST COMPANY.

DEEN, Judge. Evans Motors, a corporation owned and operated by the defendant C. F. Evans, sold James Perry an automobile under an installment sale contract containing the following provision among others: "Buyer will insure the goods against all hazards requested by seller in form and amounts satisfactory to seller. If buyer fails to obtain insurance, seller shall have the right to obtain it at buyer's expense. Buyer assigns to seller all right to receive proceeds of insurance, not exceeding the unpaid balance hereunder, . . . directs any insurer to pay all proceeds directly to seller." Evans Motors, the seller, assigned the contract to the American Bank & Trust Company without guaranty. The defendant Evans executed the following: "We guarantee payment to the assignee of the amount due on said contract as and when the same shall become due, waiving any extension of time made by assignee, and agree to repurchase said contract at any time upon demand after any default by buyer."

The assignee of the contract sued Evans for the balance due, the evidence on the trial showing the following facts: The contract was executed November 20, 1964, and prior to the assignment the seller required collision insurance, which was taken out on the automobile. Evans and the plaintiff had had

a large number of similar transactions, in all of which Evans demanded insurance and credit check by the bank prior to the sale and assignment. In about 10% of the cases insurance was subsequently canceled, and under the course of dealing of these parties Evans or Evans Motors was immediately notified. In this instance, however, the bank received a notice of cancellation of Perry's insurance, but neither notified the defendant of this fact nor made arrangements for other insurance. In the same month it received notice of Perry's insolvency as shown by notice of a Chapter 13 proceeding under the Bankruptcy Act. It failed to notify Evans, and Evans had no knowledge either of the cancellation of insurance or of the purchaser's insolvency. In October, 1965, the automobile was totally destroyed in a collision. Plaintiff then, after demand for payment, instituted this action against Evans.

The court directed a verdict in favor of the plaintiff. The defendant's motion for judgment notwithstanding the verdict is based on the contention that the above facts, by effecting a material increase in risk, discharged him from the contract. *Held:*

(a) As to a surety, the rule is clear that any act of the principal which increases his risk or exposes him to greater liability discharges him. *Code* § 103-203. A failure to keep the collateral security insured amounts to such an increase in risk, which will discharge the surety to the extent that he is injured thereby. *Armour Fertilizer Works v. Kenney,* 161 Ga. 477 (131 SE 281); *Seaboard Loan Corp. v. McCall,* 61 Ga. App. 572 (7 SE2d 318).

Assuming that on the contract in question Evans was a guarantor rather than a surety (there is no evidence that he received any value for signing the contract or that it was other than an accommodation to the assignor) would the same rule of law apply? It was held in *Nance v. Winship Machine Co.,* 94 Ga. 649 (4) (21 SE 901), that a general guarantor for value of payment of a promissory note secured by a contract of conditional sale was discharged by the failure of the creditor to record the reservation of title, the result being that the debtor sold the property to another and the guarantor was thereby deprived of the benefit of the security and his risk increased. This follows the general rule stated in 38 CJS 1228, Guaranty, § 67: "A guarantor may be discharged or released by a breach

of the contract of guaranty, or, at least to the extent of the injury, by any act or omission of the guarantee, in breach of his duty, that increases the guarantor's risk or otherwise injures his rights; but he is not released by the guarantee's failure to do something with regard to which he owes no duty to the guarantor."

It is contended here that the contract provision as to insurance was between the parties to the contract only and could not inure to the benefit of Evans as guarantor. The exact point was considered in Woodruff Motors, Inc. v. Commercial Credit Corp., 123 Vt. 404 (190 A2d 705), in a well reasoned opinion which holds *inter alia:* "We have no doubt that the duty to use reasonable care to preserve the security, . . . extended to the insurance coverage as well as to the automobile itself. It is merely that a portion of the security in this case took the form of insurance, or, to put it another way, the insurance, to an extent, stood for the automobile itself. . . [The assignee] could not, by the lack of reasonable care, abandon the security to those hazards against which the assignor had expressly provided." In that case the seller was the assignor/guarantor. Here the seller was the corporation which Evans, the defendant guarantor, owned and operated. In both cases at the time of the guarantee the seller had demanded and there had been procured collision insurance. In this case under a prior course of dealing the bank, if it did not itself procure insurance on the purchaser's default, did at least notify Evans of the cancellation, thus giving him an opportunity to protect the security. Under these circumstances the failure of the bank, knowing the purchaser's insolvency, either to obtain insurance at the purchaser's expense or to notify the defendant of the cancellation, materially increased his risk and, to the extent of the insurance involved, discharged him from liability.

The motion for judgment notwithstanding the verdict should have been sustained.

*Judgment reversed. Jordan, P. J., and Quillian, J., concur.*

SUBMITTED SEPTEMBER 11, 1967—DECIDED OCTOBER 6, 1967.

*Greene, Buckley, DeRieux, Moore & Jones, James A. Eichelberger,* for appellant.

*John W. Bland, Jr.,* for appellee.