## 53488. WOOD v. METROPOLITAN ATLANTA GIRLS' CLUB, INC.

QUILLIAN, Presiding Judge.
Plaintiff appeals from the grant of summary judgment to defendant. Plaintiff had been hired by defendant as executive director on May 14, 1973. Paragraph 3 of the "terms of employment," signed by both parties, states: "Your employment will be understood to be continuous, but may be terminated at any time, either by you or the Board according to our current Personnel Policies."

Subparagraph G. 7 of defendant's personnel policies provides: "The Executive Director shall be evaluated by the President of the Corporation and the Chairman of the Personnel Committee. Subject to the approval of the Personnel Committee. A copy shall be available to the employee."

Defendant's evidence in support of its motion for summary judgment showed the personnel committee met on August 21, 1975, and the acting president and chairman of the personnel committee participated in an evaluation of the performance of duties of the plaintiff. The overall evaluation was placed in writing and signed by the acting president and the chairman. The minutes of that meeting reflect that it was "the unanimous decision and recommendation of [that] group that the Board of Directors ask [plaintiff] to submit a formal letter of resignation effective immediately." A copy of the evaluation was served upon plaintiff.

Verbal notification was given on September 3, 1975, followed by a formal letter from the board president on

September 4, 1973 "requesting [her] immediate resignation from [her] position as executive director. . ." Plaintiff notified the board of directors that she refused to resign and any further discussion of the matter should be directed to her attorney. On September 8, 1975, "[b]y unanimous decision of the Board of Directors," defendant was "discharged" from her position as executive director.

Defendant's motion for summary judgment was granted. Plaintiff appeals. *Held:*

1. Plaintiff contends defendant breached the contract of employment prior to its expiration date, and did not follow its own personnel policies. We disagree.

The contract of employment was for a "continuous" period of time which could be terminated by either party in compliance with the terms of the contract. Plaintiff was evaluated by the required officials in conjunction with the personnel committee. She was given notice as stipulated. The termination followed the procedure set forth in defendant's personnel policies — as was required by the contract of employment. Construing the evidence most strongly against the movant, we find that defendant carried its burden of proving there was no genuine issue as to any material fact and was entitled to judgment as a matter of law. *Gregory v. Vance Pub. Corp.,* 130 Ga. App. 118 (2, 3) (202 SE2d 515).

2. It is contended that defendant's affidavit as to when a letter was mailed is incorrect by eight days. Plaintiff does not contend she did not get the letter, nor is there any issue as to whether the eight day difference was material. Just as a person is entitled to summary judgment where "there is no genuine issue as to any material fact" (CPA § 56; Code Ann. § 81A-156 (c) (Ga. L. 1966, pp. 609, 660; 1967, pp. 226, 238)), a dispute as to an immaterial fact does not preclude summary judgment. Proler Steel Corp. v. Luria Bros. & Co., 417 F2d 272 (1) (9th Cir. 1969); Ashcroft v. Paper Mate Mfg. Co., 434 F2d 910 (1) (9th Cir. 1970). This enumeration is without merit.

3. The remaining enumerations have been examined and found to be meritless.

*Judgment affirmed. Stolz and Shulman, JJ., concur.*

ARGUED FEBRUARY.4, 1977 — DECIDED FEBRUARY 28, 1977.

*Margie Pitts Hames, Barbara J. Bethune,* for appellant.

*Webb, Parker, Young & Ferguson, Thomas L. Murphy,* for appellee.