## 58210. MURPHY v. BANK OF DAHLONEGA.

QUILLIAN, Presiding Judge.

Appellant Murphy, plaintiff below, appeals from the denial of his motion for summary judgment and the grant of defendant Bank of Dahlonega's motion for summary judgment on its counterclaim. Murphy signed a "Consumer Collateral Installment Note" as co-maker with his minor stepson. The stepson defaulted on the note by not making any payments and the bank repossessed and sold the collateral —. an automobile. Thereafter, the bank exercised its right under the contract to apply the money in appellant's bank account to the sum remaining due on the note. Appellant then brought this action for damages against the bank for applying his $277.80 checking account to payment of the note. The bank counterclaimed for the amount remaining due on the note. Summary judgment was granted to the bank on the counterclaim and appellant's motion for summary judgment was denied. He brings this appeal. *Held:*

1. Appellant contends the contract between the bank and Murphy was "voided" and "appellant released as surety" as the contract was with a minor — Murphy's stepson. Thus, he argues it "was a voidable contract and was in fact voided when the consideration was repossessed thereby releasing the principal and also the surety under Code Section 103-102." We can not agree. Code Ann. § 103-102 (Code § 103-102) provides: "The obligation of the surety is accessory to that of his principal, and if the latter from any cause becomes extinct, the former shall cease of course, even though it is in judgment. *If, however, the original contract of the principal was invalid from a disability to contract, and this disability was known to the surety, he shall still be bound.*" (Emphasis supplied.)

Appellant is an accommodation maker (Code Ann. § 109A-3—415 (Ga. L. 1962, pp. 156, 262)) and both signers were jointly and severally liable. Code Ann. § 109A-3—118 (e) (Ga. L. 1962, pp. 156, 245). And, "[a]n accommodation maker . . . is bound on the instrument without any resort to his principal . . ." *Kerr v. DeKalb*

*County Bank,* 135 Ga. App. 154, 155 (217 SE2d 434). "An execution against them may proceed against the property of either at the election of the plaintiff." *Mulling v. Bank of Cobbtown,* 36 Ga. App. 55 (1) (135 SE 222). Repossession of the collateral does not void a contract as to a surety, and the result is not changed when the maker is a minor. *Browne v. Inst. of Business & Accounting,* 63 Ga. App. 871 (3) (12 SE2d 455).

This case is distinguishable from cases where a minor has repudiated or rescinded a contract by restoring to the obligee the consideration of the contract. In the instant case the bank stated that the auto repossessed "was 'stripped.' The salvage was sold at auction . . ." The stepson never made any payment on the note. The record does not show any voluntary act on the part of the stepson to return the property or any known repudiation by him of the contract. Thus, appellant's defense can not prevail because "[t]he exemption of the infant [from contract liability during infancy] is a personal privilege. The party contracting with him may not plead it . . . nor may third persons avail themselves of it as a defense." Code Ann. § 20-202 (Code § 20-202). Furthermore, repossession of the collateral did not increase the surety's risk or expose him to greater liability. The fact that the stepson was a minor was known to the appellant surety when he signed the note. Because "this disability was known to the surety, he shall still be bound." Code Ann. § 103-102, supra; *Weldon v. Colquitt,* 62 Ga. 449 (4). This enumeration is without merit. See generally *Griffin v. H. C. Whitmer Co.,* 57 Ga. App. 203 (194 SE 895).

2. Although appellant contests the accuracy of two of the defendant bank's statements, we find neither of them to be material to the result reached by the trial court. Therefore, this enumeration is also without merit. *Wood v. Metro. Atlanta Girls' Club,* 141 Ga. App. 473 (2) (233 SE2d 862).

3. Appellant enumerates as error a constitutional issue not raised at trial. No citation to the record has been made as to where this issue was raised. Our review shows that one constitutional issue was raised, but not the one included in this enumeration about "not suing [the stepson] and Appellant jointly before appropriating

[the appellant's] bank account." Further, the argument contained in appellant's brief does not address the error enumerated and such error is considered abandoned. *Leniston v. Bonfiglio,* 138 Ga. App. 151 (2) (226 SE2d 1).

Judgment affirmed. *Smith and Birdsong, JJ., concur.*

SUBMITTED JULY 10, 1979 — DECIDED
SEPTEMBER 7, 1979.

*James A. Glenn, Jr.,* for appellant.
*Robert B. Thompson,* for appellee.