58418, 58419. PARKER v. FIDELITY BANK
(two cases).

DEEN, Chief Judge.

1. (a) Where a resident of Georgia executed a promissory note to be enforced in the forum of the State of Pennsylvania by agreeing to a confession of judgment in the event of default, and waiving his right to personal service, such agreement is enforceable and the judgment based thereon is valid and entitled to full faith and credit in this state. *Pacolet Mfg. Co. v. Crescent Textiles,* 219 Ga. 268 (133 SE2d 96) (1963).

(b) On the prior appearance of this case *(Parker v. Fidelity Bank,* 146 Ga. App. 52 (245 SE2d 364) (1978)), a grant of summary judgment in favor of the appellee bank attempting to enforce such a judgment on a promissory note in this state was reversed for the sole reason that the renewal note which formed the basis of the judgment was not introduced in evidence, but only attached to the appellee's brief. On remand to the trial court appellee again moved for summary judgment and this time introduced both the Pennsylvania judgment and the note with power of attorney. Under our first decision in *Parker,* supra, the second grant of summary judgment based on this note was without error.

2. It is further complained that appellant Parker, who signed as guarantor on other notes on which Mr. and Mrs. McLaughlin were makers, was released from liability on these instruments because, it is alleged, his risk was increased when the bank allowed other collateral (a life insurance policy on the life of Mr. McLaughlin) to lapse. It is of course true that a surety may be discharged where the creditor has so acted as to increase his risk or expose him to greater liability than that for which he contracted. Code § 103-203; *Evans v. American Nat. Bank &c. Co.,* 116 Ga. App. 468 (157 SE2d 816) (1967). Such, however, is not the case here. The contract of guarantee was "continuing, absolute and unconditional" without specification of any monetary limit, and was executed in

June, 1972, as an inducement to the Pennsylvania bank to lend money to the McLaughlins, which they did in 1974 in return for a demand note. In 1975 the bank felt itself insecure and asked the debtors for additional collateral, following which Mr. McLaughlin named it as beneficiary in a life insurance policy; however, he allowed this policy to lapse the following year without informing the bank, and shortly thereafter went into bankruptcy.

The fact that the policy was allowed to lapse and that appellant Parker was not informed in no manner increased his risk, neither Parker nor the McLaughlins having made the fact of life insurance a condition of the contract. In this the facts differ from *Seaboard Loan Corp. v. McCall,* 61 Ga. App. 752 (7 SE2d 318) (1940) where the plaintiff lender had agreed with the maker of the note to procure life insurance and had failed to do so.

3. It is not a defense to either of these actions that defendant did not "knowingly" sign a guarantee agreement which permitted an attorney in Pennsylvania on default to appear and confess judgment in an action against him. He does not deny that statements to this effect are to be found both in the notes on which judgment was entered and the guarantee contract which he signed. Nor does he allege any legal reason, such as fraud, artifice, or incapacity, which might excuse him from being bound by these provisions of the instrument. This being so, the parties are presumed to have read the instruments in question and to have understood their contents. *Conklin v. Liberty Mut. Ins. Co.,* 240 Ga. 58 (239 SE2d 381) (1977); *Bourne v. Balboa Ins. Co.,* 144 Ga. App. 55 (240 SE2d 261) (1977).

It was proper to grant the appellee's motion for summary judgment in Case No. 58419, and the motion for directed verdict in Case No. 58418.

*Judgments affirmed. Shulman and Carley, JJ., concur.*

ARGUED SEPTEMBER 5, 1979 — DECIDED
OCTOBER 12, 1979.

*Eugene R. Simons, W. Alford Wall,* for appellant.

*Michael N. Mantegna,* for appellee.