### 72396. LOVELACE et al. v. FIGURE SALON, INC.
(345 SE2d 139)

BIRDSONG, Presiding Judge.

Plaintiffs-appellants, Marilyn Lovelace and her husband, sued My Fair Lady for injuries allegedly incurred by Mrs. Lovelace while using the defendant's fitness facilities. Mr. Lovelace joined this action alleging a loss of consortium. Mrs. Lovelace contracted with My Fair Lady for use of exercise equipment on April 17, 1975, and sustained her injury on January 23, 1981. She had been advised by her doctor to undergo a hysterectomy and to strengthen her abdominal muscles before her operation. She informed one of defendant's employees what her doctor had recommended and the employee said she must first take a "fitness test." The fitness test consisted of various stretching and lifting exercises. Mrs. Lovelace said the employee asked her to perform repetitions on the leg curling machine and increased the tension until she was lifting 80 pounds. After she completed the leg lifts, her knee was hurting and she felt "all stretched." That night the leg and back pain began. She had a myelogram and a CT scan performed on the lumbar region of her back. Those procedures showed everything was normal. Finally, a neurologist performed a "lumbar laminectomy" which alleviated the pain. She still has pain, but not as severe as it was prior to the operation.

Mrs. Lovelace alleged the defendant was negligent in failing to

exercise ordinary care for her safety during her exercise program, in failing to properly supervise its employees, who were untrained, unqualified, and incompetent, and that defendant negligently failed to warn her of the danger and consequences in overexertion and lifting too much weight.

Defendant introduced plaintiff's contract, which she admitted signing, but said she was prevented from reading the contract because it was late at night when the contract was executed and defendant's personnel were attempting to leave, and she was assured this was a "standard form contract." The contract contained an exculpatory clause, which states in pertinent part: "USE OF FACILITIES: It is expressly agreed that all exercise and treatments and use of all facilities shall be undertaken at the members own risk, and the member represents that he is physically able to undertake any and all physical exercises and treatments provided. My Fair Lady shall not be liable for any claims, demands, injuries, damages, actions, or causes of action whatsoever to member or property arising out of, or connected with the use of any of the services and/or facilities. Member does hereby expressly forever release and discharge the My Fair Lady Salon attended and/or any of their affiliated companies, from all such claims, demands, injuries, damages, actions or causes of action, and from all facts of active or passive negligence on the part of such companies, corporations, clubs, studios, their servants, agents or employees."

Defendant moved for and was granted summary judgment. Plaintiffs bring this appeal. *Held*:

1. It is the paramount public policy of this state that courts will not lightly interfere with the freedom of parties to contract. *Cash v. Street & Trail*, 136 Ga. App. 462, 465 (221 SE2d 640). And, "a person may waive or renounce what the law has established in his favor when he does not thereby injure others or affect the public interest." OCGA § 1-3-7. Thus, it is general contract law in Georgia that parties are free to contract about any subject matter, on any terms, unless prohibited by statute or public policy, and injury to the public interest clearly appears. *Hall v. Gardens Svcs.*, 174 Ga. App. 856, 857 (332 SE2d 3). In Georgia, our general rule is that a party may exempt itself from liability to the other party for injury caused by its negligence, and the agreement is not void for contravening public policy. Id. at 179; *Hall*, supra at 857; *Hall v. Skate Escape*, 171 Ga. App. 178, 179 (319 SE2d 67); *Carrion v. Smokey, Inc.*, 164 Ga. App. 790 (298 SE2d 584). The exculpatory clause in the instant contract contains an assumption of risk clause (*Kitchens v. Winter Co. Bldrs.*, 161 Ga. App. 701, 702 (289 SE2d 807)), a disclaimer of liability clause (see generally Prosser, Law of Torts (4th ed.) 440-442, § 68), and a covenant not to sue. *Cash*, supra at 465. This type exculpatory clause is not prohib-

ited by statute, and is neither illegal, immoral, nor in contravention of the law of this state. *Hall*, supra at 857.

One who can read, must read. *Cochran v. Murrah*, 235 Ga. 304, 305 (219 SE2d 421). " '[W]here one who can read signs a contract without apprising himself of its contents, otherwise than by accepting representations made by the opposite party, with whom there exists no fiduciary or confidential relation, he can not defeat an action based on it, or have it canceled or reformed, on the ground that it does not contain the contract actually made, unless it should appear that at the time he signed it some such emergency existed as would excuse his failure to read it, or that his failure to read it was brought about by some misleading artifice or device perpetrated by the opposite party, amounting to actual fraud such as would reasonably prevent him from reading it.' " *Conklin v. Liberty Mut. Ins. Co.*, 240 Ga. 58, 59 (239 SE2d 831). There was no fiduciary or confidential relationship between My Fair Lady and Mrs. Lovelace. No emergency existed which would excuse Mrs. Lovelace from reading the contract at the time she signed it, nor was there any evidence of misleading artifice or device perpetrated by the opposite party which could have reasonably have prevented her from reading the contract before she signed it. The parties are presumed to have read the contract and to have understood its contents. *Parker v. Fidelity Bank*, 151 Ga. App. 733, 734 (261 SE2d 465).

Plaintiff assumed the risk inherent in taking exercise within the facilities of My Fair Lady. Defendant disclaimed any liability for such use. Additionally, Mrs. Lovelace agreed not to bring an action against My Fair Lady, its affiliated companies, and its employees, for injury arising out of the active or passive negligence of the companies and its employees. The trial court did not err in granting summary judgment for defendant.

2. Defendant is not a physical therapist, nor is it engaged in physical therapy without a license, as that term is defined in OCGA § 43-33-3 (5), (7).

3. The right of the husband to recover for loss of consortium being dependent upon the right of the wife to recover, the court did not err in granting summary judgment to defendant as to the husband's cause of action. *Stone Mountain Memorial Assn. v. Herrington*, 225 Ga. 746 (3) (171 SE2d 521).

*Judgment affirmed. Banke, C. J., and Sognier, J., concur.*

DECIDED MAY 7, 1986.

*J. Douglas Sexton*, for appellants.
*H. Andrew Owen, Perry A. Phillips*, for appellee.