75223. MY FAIR LADY OF GEORGIA, INC. v. HARRIS.
(364 SE2d 580)

BIRDSONG, Chief Judge.

Gineva Harris became a member of My Fair Lady of Georgia in April of 1983 and on June 27, 1983, while using the facilities of My Fair Lady, slipped and fell in the shower injuring her right ankle and leg. Harris brought this action against My Fair Lady alleging "negligence" in that the shower area was inadequately designed, constructed, and maintained. My Fair Lady defended on the basis that Harris fell as a result of her own negligence from her failure to exercise ordinary care for her own safety, and that the complaint failed to state a claim for which relief could be granted.

The contract signed by Harris with My Fair Lady contained the following exculpatory paragraph: "Use of Facility by Members — Member agrees . . . use of all club facilities shall be undertaken at the member's own risk . . . and that the corporation which owns the club and/or any affiliated companies and/or their respective agents and employees shall not be liable for any claims, demands, injuries, damages, actions or causes of action . . . which arise wholly or partially due to the negligence of the corporation which owns the club and/or any affiliated companies and/or their respective agents and employees to member . . . arising out of or connected with the use of any of the services and/or facilities of such corporation . ·. . and the member does hereby expressly forever release and discharge said cor-

poration and any affiliated companies and their respective agents and employees, from all such claims, demands, injuries, damages, actions or causes of action. . . ."

My Fair Lady moved for and was denied summary judgment but was granted a certificate of immediate review which this court denied. Appellant then filed a motion for reconsideration or, in the alternative, renewed its motion for summary judgment. Again the trial court denied the motion but granted a certificate for immediate review. This court granted the application. *Held*:

The exculpatory clause of the contractual agreement between the parties effectively: (1) required the member to assume any risk occasioned by her use of the club's facilities, (2) waived the right of the member to bring an action against My Fair Lady, its agents and employees, which is bottomed on negligence, and (3) released and discharged My Fair Lady, its agents and employees, from liability for injury caused by any negligence of the corporation and/or its agents and employees which arose from the use of the club's facilities by Ms. Harris. *Lovelace v. Figure Salon*, 179 Ga. App. 51 (345 SE2d 139); *Hall v. Garden Svcs.*, 174 Ga. App. 856 (332 SE2d 3).

"It is the paramount public policy of this state that courts will not lightly interfere with the freedom of parties to contract." *Lovelace*, supra at 52. A contracting party may waive or renounce that which the law has established in his or her favor, when it does not thereby injure others or affect the public interest. OCGA § 1-3-7. Exculpatory clauses in Georgia are valid and binding, and are not void as against public policy when a business relieves itself from its own negligence. *Hall*, supra at 857; *Carrion v. Smokey, Inc.*, 164 Ga. App. 790 (298 SE2d 584). Parties to a contract are presumed to have read their provisions and to have understood the contents. *Parker v. Fidelity Bank*, 151 Ga. App. 733, 734 (261 SE2d 465). One who can read, must read, for he is bound by his contracts. *Cochran v. Murrah*, 235 Ga. 304, 306 (219 SE2d 421). The exculpatory paragraph in the instant contract was valid and binding.

Summary judgment is appropriate where the moving party shows he is entitled to judgment as a matter of law and there is no genuine issue as to any material fact. OCGA § 9-11-56 (c). Conversely, any dispute as to any immaterial fact will not preclude the grant of summary judgment. *Chelena v. Ga. Fed. Savings &c. Assn.*, 256 Ga. 336, 337 (349 SE2d 180); *Murphy v. Bank of Dahlonega*, 151 Ga. App. 264, 265 (2) (259 SE2d 670); *Wood v. Metro. Atlanta Girl's Club*, 141 Ga. App. 473 (2) (233 SE2d 862). Hence, assuming arguendo, there is an issue as to whether My Fair Lady, its agents and/or employees were negligent, it is not material, for Ms. Harris contractually assumed any risk associated with her use of the club's facilities, waived the right to bring an action upon the alleged negligence of the club, and had re-

leased and discharged My Fair Lady from any claim for damages if one arose out of the negligence of the club, its agents and/or employees. Under this factual predicate, where a cause of action is based on the alleged negligence of the club, and there being a valid contractual waiver and release for any action arising out of Harris' use of the facilities, which sounded in negligence, the trial court erred in denying My Fair Lady's motion for summary judgment.

*Judgment reversed. Banke, P. J., Carley, Sognier, Pope, and Beasley, JJ., concur. Deen, P. J., McMurray, P. J., and Benham, J., dissent.*

DEEN, Presiding Judge, dissenting.

I respectfully dissent from the majority opinion, inasmuch as it appears that the instant case is factually distinguishable from such cases as *Carrion v. Smokey, Inc.*, 164 Ga. App. 790 (298 SE2d 584), and *Lovelace v. Figure Salon*, 179 Ga. App. 51 (345 SE2d 139), cited by the majority. If in *Smokey*, instead of falling from a horse (a distinguishing feature of a stable and clearly a recreational "facility"), the plaintiff had slipped on straw or some other substance and fallen as he entered or exited the horse's stall, that case would have been more nearly on point with that *sub judice*. Similarly, if Mrs. Lovelace, instead of being injured by the spa employee's allegedly incorrect use of certain "testing equipment," had tripped over the threshold of the spa's entrance and fallen, or perhaps lost her footing on a stair, that case, too, would be on point with the instant case. Conversely, if Ms. Harris, plaintiff/appellee here, had tripped over or fallen from a Nautilus machine or other object that was distinctively "sporting or recreational" equipment (or "facility"), rather than losing her footing on a wet floor adjacent to the shower (something she might equally well have done in her own home), her case might, *arguendo*, have been controlled by *Lovelace* or *Smokey*, and a grant of summary judgment to My Fair Lady might have been appropriate. The factual distinctions between the instant case and those two cases are significant, however.

Our analysis of the record *sub judice* persuades us that the fact situation of the instant case fits more nearly into the "slip and fall" line of cases than into that category turning upon the waiver of rights when contracting to use "facilities" peculiar to "sporting or recreational" use. *Carrion v. Smokey*, supra. This being so, then summary judgment would have been inappropriate either under the "assumption of risk/waiver" theory or under the theory of ordinary negligence, since questions of ordinary care, negligence, and diligence traditionally are not considered amenable to summary adjudication but present issues of fact which require resolution by the jury. It would seem that, in the fact situation of the instant case, this court would have no

choice but to affirm the trial court's denial of summary judgment on any of the theories advocated by defendant/appellant. OCGA § 9-11-56.

I therefore respectfully dissent.

DECIDED NOVEMBER 30, 1987 —
REHEARING DENIED JANUARY 4, 1988 —

*H. Andrew Owen, Jr., Perry A. Phillips*, for appellant.
*William A. Hazleton*, for appellee.