### A89A1498. WINTON v. ADAMS TRANSFER & STORAGE COMPANY, INC.
(386 SE2d 528)

McMURRAY, Presiding Judge.

Plaintiff brought suit against defendant seeking the value of a lost "Hoshi" picture. It was alleged that defendant was hired by plaintiff to move plaintiff's household furnishings from one Marietta, Georgia, address to another; that defendant did not deliver the "Hoshi" picture to the intended destination although it had a duty to do so; and, that plaintiff was damaged because defendant breached its duty to deliver the "Hoshi" picture. Defendant answered the complaint and denied any liability to plaintiff. Thereafter, following discovery, the case was tried by the court sitting without a jury. At the close of plaintiff's evidence, defendant moved for an involuntary dismissal. The trial court granted the motion, entering an order which reads, in part, as follows:

"The defendant contracted to move certain household goods of plaintiff from one residence in Marietta, Georgia to another residence in Marietta, Georgia. Plaintiff had instructed defendant that his art prints would not be included among the items to be moved by defendant. When defendant's workers came to plaintiff's residence to load his furniture, plaintiff was not present but had a friend present to oversee the move. After the furniture was loaded, there was still room on the truck, and the workers offered to transport the prints. Plaintiff's friend, acting as plaintiff's agent, allowed the movers to carry the prints on the truck. Approximately one month after the move, plaintiff realized one of his "Hoshi" prints was missing. He

brought this action to recover the value of the print.

"Prior to the move, the parties entered into a contract which contained the following provision: The carrier shall be liable for physical loss of or damage to any articles from external cause while being carried or held in storage in transit EXCEPT for condition or flavor of perishable articles, and EXCEPT documents, currency, money, jewelry, watches, precious stones or articles of extraordinary value which are not specifically listed on the bill of lading . . . The Hoshi print was not listed on the bill of lading, and the evidence was uncontradicted that the print was an article of extraordinary value. 'Exculpatory clauses in contracts in Georgia are valid and binding and not void as against public policy where the bailor relieves himself from his own negligence, except for that negligence which amounts to wilful and wanton misconduct.' *Hall v. Gardens Services, Inc.*, 174 Ga. App. 856, 857 (1985). There was no evidence presented of wilful or wanton misconduct by defendant. Therefore, defendant's motion for involuntary dismissal is granted."

Plaintiff appeals, enumerating error upon the grant of defendant's motion for involuntary dismissal. *Held*:

Plaintiff contends the exculpatory clause cannot shield defendant from liability in a negligence (as opposed to a breach of contract) action. In this regard, he argues that his action sought damages in tort for defendant's negligent loss of the "Hoshi" picture and that, therefore, the exculpatory clause is of no import. We disagree. The duty of defendant to deliver the "Hoshi" picture to plaintiff arose solely from the contract. Accordingly, "the remedy of the plaintiff for a breach of that duty, even though the breach is occasioned by the defendant's negligence, is in contract and not in tort. [Cits.]" *Atlanta Gas Light Co. v. Newman*, 88 Ga. App. 252, 253 (76 SE2d 536).

*Pennsylvania Millers &c. Ins. Co. v. Thomas Milling Co.*, 137 Ga. App. 430 (224 SE2d 55), upon which plaintiff relies, is inapposite. In that case, a negligent inspection action was predicated upon a duty which arose dehors the contract. In the case sub judice, on the other hand, plaintiff seeks to impose tort liability upon defendant for a duty which arose solely from the contract. This, he cannot do. *Atlanta Gas Light Co. v. Newman*, 88 Ga. App. 252, 253, supra.

Inasmuch as plaintiff's cause of action is predicated on the contract, plaintiff is bound by the terms of the contract, including the exculpatory clause. *Hall v. Gardens Svcs.*, 174 Ga. App. 856 (332 SE2d 3). It follows that the trial court did not err in granting defendant's motion for involuntary dismissal.

*Judgment affirmed. Carley, C. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 7, 1989.

*Michael H. Saul,* for appellant.
*Webb, Carlock, Copeland, Semler & Stair, David F. Root, Robin Frazer,* for appellee.