A94A0963. CARSWELL et al. v. MIDDLE GEORGIA POOLS & LEISURE WORLD, INC.
(449 SE2d 628)

BLACKBURN, Judge.

The appellants, Deborah and Melvin Carswell, commenced this

action against appellee, Middle Georgia Pools & Leisure World, Inc. (Middle Georgia), to recover damages for the alleged wrongful death of their four-year-old son, Dwayne. The trial court granted summary judgment for Middle Georgia, and this appeal followed.

The record shows that, on April 11, 1990, the Carswells contracted with Middle Georgia for the construction of an in-ground backyard swimming pool. Pool construction began approximately two weeks later, and was substantially completed with the installation of the pool liner late Saturday afternoon, the fourth day of construction. Before leaving the worksite, the Middle Georgia employee on the job advised plaintiff to fill the pool to a depth of six inches in order to seat the pool liner and warned him to keep people away from the pool area. The following morning Dwayne, who was then unattended, accidentally fell in the partially filled pool. Dwayne was revived in the ambulance on the way to the hospital, but eventually fell into a lengthy coma and died on November 11, 1991. Plaintiffs, who had purchased fencing materials prior to filling the pool, planned to erect the fence on the morning the accident occurred.

In their first enumeration of error the Carswells contend the grant of summary judgment was improper in that genuine issues of material fact exist on the issue of negligence.

In particular, they assert that jury questions exist with respect to the duty of care Middle Georgia owed them pursuant to the swimming pool contract and as an independent contractor having possession and control of the worksite. We disagree.

At summary judgment, a movant/defendant must demonstrate that there is an absence of evidence to support at least one essential element of the non-moving party's case. Summary judgment is appropriate when the court, upon viewing all the facts and reasonable inferences from those facts in a light most favorable to the non-moving party, concludes that the evidence does not create a triable issue as to each essential element of the case. *Lau's Corp. v. Haskins*, 261 Ga. 491, 495 (405 SE2d 474) (1991).

The Carswells executed a contract with Middle Georgia for the construction of an in-ground swimming pool at their residence. Paragraph 6 of the contract relieved Middle Georgia of any responsibility to furnish either permanent or temporary fencing. Paragraph 10 thereof provides as follows: "The Contractor's sole liability is in the performance of this contract and its specific purpose of installing a swimming pool. It is the sole responsibility of the Owner to protect his property from intruders, trespassers, and any other persons or children during the period of construction and thereafter as may be set forth in any town ordinance applicable, and hold harmless and indemnify the Contractor from any liability that might result."

"[S]ince he can read, he is responsible for what he signs," absent

emergency, misrepresentation, or reliance on a fiduciary relationship between the parties. *Cochran v. Murrah*, 235 Ga. 304, 305-306 (219 SE2d 421) (1975). Exculpatory clauses in Georgia are valid and binding and not void as against public policy where the contract limits the business' liability to the specific purpose of the contract. The subject contract placed the responsibility to protect the property from children upon the plaintiffs. Indeed, the plaintiffs are contractually bound to hold defendant harmless and to indemnify it from any liability that might result from claims of the type filed by plaintiffs. *Hall v. Garden Svcs.*, 174 Ga. App. 856, 857 (332 SE2d 3) (1985). Accordingly, the trial court did not err in granting defendant's motion for summary judgment.

*Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED OCTOBER 5, 1994 —
RECONSIDERATION DENIED NOVEMBER 2, 1994.

*Arthur C. Nilsen, John W. Jonap, Stephen H. Debaun*, for appellants.

*Chambless, Higdon & Carson, Joseph H. Davis, Mary M. Katz*, for appellee.