A97A0034. HEMBREE v. JOHNSON et al.
(482 SE2d 407)

Judge Harold R. Banke.

Terrell L. Hembree sued Gordon Johnson and James Haddle d/b/a Douglasville Health & Athletic Club (collectively "Johnson") to recover damages relating to a knee injury allegedly sustained in a slip and fall on a racquetball court. Hembree appeals the trial court's adverse summary judgment ruling.

Johnson moved for summary judgment relying primarily on exculpatory language contained in a membership agreement. The record shows that Melissa Hembree completed and signed joint Membership Agreement No. 13217 on which she listed Terrell Hembree, her husband, as a family member. The first section in the contract provides, "I agree to use the Health and Athletic Club in accordance with the Rules and Conditions printed on the reverse side." Melissa Hembree signed the Rules and Conditions document which contains certain exculpatory provisions requiring a member to: (1) assume any risk occasioned by the use of the facilities, and (2) forever release and discharge the corporate owner of the club, and any affiliated companies and/or its agents and employees from liability for claims arising out of the use of the facilities.

Several months after the joint membership expired, Terrell Hembree signed a Membership Addendum to obtain an individual membership. The Membership Addendum states, "I herewith modify my original membership agreement No. 13217 dated 4-14-92 as stated herein." The only pertinent change in the addendum altered

the joint membership to an individual one. During the time Hembree had an individual membership, he allegedly slipped and fell. *Held*:

1. We reject Hembree's contention that summary judgment was precluded by the existence of a material issue of disputed fact as to whether he assented to the waiver. The construction of a written contract is a question of law for the trial court unless after the court applies the applicable rules of construction, ambiguity remains. OCGA § 13-2-1; *Binswanger Glass Co. v. Beers Constr. Co.*, 141 Ga. App. 715, 716 (1) (234 SE2d 363) (1977). This is not such a situation. When Hembree signed the Membership Addendum, he specifically assented to all the terms contained in Membership Agreement No. 13217, which was incorporated by reference in the Membership Addendum. Incorporation by reference is generally effective to accomplish its intended purpose where, as here, the reference has a reasonably clear and ascertainable meaning. *Binswanger*, 141 Ga. App. at 717 (2). Hembree was bound by the terms and conditions of the contract that he signed including the Rules and Conditions giving effect to the waiver. It was incumbent upon Hembree to read the contract and apprise himself of the terms to which he assented. *Conklin v. Liberty Mutual Ins. Co.*, 240 Ga. 58, 59 (239 SE2d 381) (1977); *Lovelace v. Figure Salon,* 179 Ga. App. 51, 53 (1) (345 SE2d 139) (1986). Having shown the absence of any genuine issue of material fact, Johnson was entitled to summary judgment as a matter of law. OCGA § 9-11-56 (c).

2. Hembree enumerates as errors an alleged violation of the Fair Business Practices Act (OCGA § 10-1-393.2) and an assertion that Johnson and Haddle are not agents and employees of the corporation as contemplated by the waiver language. Although Hembree claims that he raised these two issues during oral argument, he failed to provide a transcript of the summary judgment hearing. Hembree, as the party alleging error, has the burden to show it affirmatively by the record. *North Fulton Feed v. Purina Mills,* 221 Ga. App. 576, 577 (472 SE2d 122) (1996). Because Hembree failed to show that either of these issues was raised and argued below, they cannot be raised now for the first time. *Auerbach v. First Nat. Bank of Atlanta*, 147 Ga. App. 288, 290 (1) (B) (248 SE2d 551) (1978).

3. Notwithstanding Hembree's argument to the contrary, we find no violation of public policy in the exculpatory clause at issue. A contracting party may waive or renounce that which the law has established in his favor, provided doing so does not injure others or affect the public interest. OCGA § 1-3-7. It is well settled that public policy does not prohibit the inclusion of an exculpatory clause, like the one at issue here, in a health club membership. *Day v. Fantastic Fitness,* 190 Ga. App. 46 (1) (378 SE2d 166) (1989); *My Fair Lady of Ga. v. Harris*, 185 Ga. App. 459 (364 SE2d 580) (1987); *Lovelace,* 179 Ga.

App. at 52 (1).

*Judgment affirmed. Pope, P. J., and Johnson, J., concur.*

DECIDED FEBRUARY 14, 1997.

*Akin & Tate, S. Lester Tate III*, for appellant.

*Chambers, Mabry, McClelland & Brooks, Rex D. Smith, Ian R. Rapaport*, for appellees.